Rowley v. Bartholemew.

ROWLEY v. BARTHOLEMEW.

1. **Mortgage of personal property:** DESCRIPTION. Where a chattel mortgage described a mare intended to be covered thereby as having four white legs, when in fact she had but one foot white to the pastern joint and there was a little white on another foot, it was *held* that the description was not sufficient to make the recording of the mortgage constructive notice.

2. —— But in such case it would be competent to show by evidence *aliunde* that the mare in controversy was the one mortgaged, together with such facts and circumstances as would tend to show the ability of the adverse claimant, aided by inquiries which the mortgage itself indicated. to identify the mare.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 22.

ACTION of replevin for one mare, originally brought before a justice of the peace. On appeal, in the circuit court, the cause was tried to the court, who found for defendant, and rendered judgment accordingly. The plaintiff appeals.

*Phillips & Phillips* and *Bissell & Crane* for the appellant.

*McHenry & Bowen* for the appellee.

COLE, J. — Both parties claim the right to the possession of the mare, under mortgages executed by the same person. Plaintiff's mortgage was executed December 15, 1871, and described the property as follows : " All my right, title and interest in and to one chestnut mare, with a bald face and white feet ; aged about six years."

Defendant's mortgage was executed December 6, 1871, and duly recorded the next day, and described the property as follows : " One sorrel mare, between five and six years old, with white spot on her face, and four white legs."

The testimony shows that the mortgagor owned two mares, which " were nearer alike than the two descriptions in these mortgages ; " that the mare in controversy was about six years old, and would be called a chestnut, a sorrel or a chestnut-sorrel ; that she would properly be said to have a bald face, a white spot in forehead, or a large star in the forehead, with a blaze on the nose and a strip of mixed white down the face ; that one hind foot was white to the pastern joint, and there was a little white on another foot, and that the mane and tail were black, or nearly so. This is all the evidence. There was no effort to show by evidence *aliunde* the mortgage that the mare in controversy was or was not the one intended to be described in the defendant's mortgage.

When properly analyzed there is no conflict in the testimony. For the witnesses concur in the description of the mare, although they give different names to the result of their descriptions. The whole case, therefore, presents but a single proposition of law, to wit: Upon the facts shown and above stated did the mortgage impart notice to plaintiff of defendant's rights? We answer, no! And this, not because the mortgage fails to describe the mare sufficiently, but because it contains elements of description essentially different from the mare in controversy, and tending to prove that the mare described in the mortgage was another and not the one claimed. Since the mare in controversy is not so described that it will, as a matter of law, make the mortgage constructive notice to plaintiff of defendant's right, it follows that the defendant must fail unless he can and does show by evidence *aliunde* the mortgage that the mare in controversy was the one mortgaged, and such facts and circumstances as will evidence the plaintiff's ability, aided by inquiries which the mortgage itself indicates to indentify the mare. *Smith & Co.* v. *McLean*, 24 Iowa, 322 and cases there cited. If the mortgagor owned but one mare, or if he owned two, and the mortgage more nearly described the mare in controversy than the other; if the defendant had ever been in possession of this mare, or the mortgagor had sold his other, prior to defendant's mortgage, or other like facts, it would aid materially in determining as a question of fact whether the plaintiff did learn, or might, by ordinary diligence in making inquiries, have learned that the mare in controversy was the one included in defendant's mortgage.

Reversed.