## VAN EVERA v. DAVIS.

51 637
115 444
¡115 446

1. **Evidence:** CHATTEL MORTGAGE: PAROL NOT COMPETENT TO VARY. Parol evidence is not admissible to show that a chattel mortgage was intended to embrace property not specifically included therein.

*Appeal from Jackson Circuit Court.*

TUESDAY, OCTOBER 7.

ON the 6th day of May, 1876, Willard Duffin executed to the plaintiff a chattel mortgage the material portions of which are as follows: "Know all men by these presents, that I,

Willard Duffin, in consideration of five hundred dollars  *  * paid by J. R. Van Evera,  *  *  *  * have sold and do grant and convey unto said party of the second part,  *  * the following goods and chattels, to-wit: The entire stock of drugs and medicines, oils, paints and all stock of every description now kept by said W. Duffin, and all further stock that may be purchased hereafter, now and hereafter to be in the store formerly occupied by J. Orcutt & Son. And it is further agreed that the said W. Duffin shall keep the stock well insured in some good and reliable insurance company, with said policy duly assigned to the said J. R. Van Evera, for his further security for above amount."

On the 21st day of July, 1877, Willard Duffin executed to the plaintiff another chattel mortgage, the portion of which material to this controversy is as follows: "Know all men by these presents, that I, Willard Duffin, in consideration of one thousand two hundred and sixty-five dollars, paid by J. R. Van Evera, have sold, and do grant and convey, unto the said party of the second part, the following goods and chattels, to-wit: The entire stock of drugs, medicines, oils, paints, and all goods of every description, now kept by said W. Duffin in the store-room formerly kept and occupied by J. Orcutt & Son; also, all goods hereafter purchased to replenish said stock." Each of these mortgages contains a provision that whenever the mortgagee shall choose so to do, it shall be lawful for him, by himself or agent, to take possession of said goods and chattels.

On the 15th of January, 1878, the plaintiff handed the chattel mortgages in question to one Shrigley, for foreclosure. Shrigley obtained the keys of the store-room from Duffin, and took possession of the store, and carried the keys until he sold the stock. The property now in controversy is a number of bottles, together with a glass funnel, marble till file, sponge rack, mortar, drawers, globe, wall paper trimmer, and other articles of like character used in a drug store, and of the total value of one hundred and seventy-one dollars and thirty-eight

cents. Three or four days after Shrigley took possession of the store he proceeded to invoice the property under two distinct heads, that of "stock" and "fixtures." The property in controversy was invoiced as "fixtures."

On the 31st day of January, 1878, the defendant, as sheriff, at the suit of Olney & McMahon against Willard Duffin, levied upon the property in controversy.

On the 23d day of February, 1878, the plaintiff commenced this action of replevin, claiming that he is entitled to the possession of the property in question under his chattel mortgage. The cause was tried to the court, and judgment was rendered for the defendant. The plaintiff appeals.

*D. A. Fletcher*, for appellant.

*G. L. Johnson*, for appellee.

DAY, J.—The plaintiff, being introduced as a witness, was asked the following questions: Q. "State what instructions

1. EVIDENCE: chattel mortgage: parol not competent to vary.

you and Mr. Duffin, or either of you, in the presence of the other, gave to S. S. Germond as to the property that should be included in the mortgage?" Q. "State whether or not, at the time the chattel mortgages were written by S. S. Germond, either yourself or Duffin asked said Germond the meaning of the words 'stock' and 'goods' as used in said mortgages?" Q. "If the meaning of the words 'stock' and 'goods,' as used in said mortgages, was explained to yourself and Duffin by Mr. Germond at the time they were written, state what the explanation was." Q. "At the time said mortgages were executed by Mr. Duffin, do you know what he (Duffin) understood the words 'stock' and 'goods,' as used in said mortgages, to mean and include? If so, how do you know that, and what did he understand those words to mean and include?"

All of these questions were objected to as incompetent and immaterial. The objection was sustained, and plaintiff excepted.

The plaintiff thereupon offered to prove by the witness J. R. Van Evera, plaintiff, that at the time the two chattel mortgages introduced as evidence in this case in his behalf were executed, both parties thereto instructed S. S. Germond, who wrote the mortgages for them, to include in them all chattel property contained in said Duffin's drug store in Maquoketa; that after said mortgages were written by said Germond he, Germond, read them both over and explained to Duffin and plaintiff the meaning of the terms used by him therein, and explained to them that the meaning of the words "stock" and "goods," as used by him, included all the chattel property in said store, and that said mortgages were executed by Duffin, the mortgagor, and accepted by plaintiff, the mortgagee, with the mutual understanding that the property conveyed and described therein included all the chattel property in said drug store.

This proposed testimony was objected to as incompetent and immaterial. The objection was sustained, and plaintiff excepted. The plaintiff does not claim that the mortgages in question in terms include the property in controversy. The sole error relied upon is the rejection of the testimony offered by plaintiff as set out above. The plaintiff does not propose to prove that he supposed any words were incorporated in the mortgages which were by mistake omitted. All he proposes to prove is that he and Duffin supposed that the words employed had a signification and meaning different from what is now conceded to be their meaning and import; and he proposes to prove this understanding, not simply as between himself and Duffin, but he asks that an innocent third party, a creditor who has levied an attachment upon the property in question, shall be affected and bound by the unexpressed understanding or intention existing between himself and Duffin. We are satisfied that the proposed testimony was wholly incompetent, and that it was properly rejected. Although some of the authorities cited by appellant contain the broad statement that the rule inhibiting the production of parol evi-

dence to vary or contradict a valid written instrument does not apply to a controversy between a party to the instrument and a stranger, and that, in such controversy, either party may prove the real agreement, yet none of these cases, we think, contain an adjudication which would render competent the testimony offered in this case. It would, indeed, be a startling doctrine if it should be held that written instruments, deriving all their force and effect from a record pursuant to the statute, could be explained and enlarged by parol proof of the real, though unexpressed, contract, as against one who became a purchaser or acquired a lien, relying upon the terms of the recorded instrument. No case to which we have been referred holds such testimony competent, and we are satisfied that none such can be found.

The judgment is                                    AFFIRMED.

*D. A. Fletcher,* for appellant.