ADAMS v. THE COMMERCIAL NATIONAL BANK OF DUBUQUE ET AL.

53 491
87 524
53 491
94 211
53 491
114 623
53 491
115 447

1. **Mortgage**: CHATTELS: INCORRECT DESCRIPTION. Where a mortgage upon growing crops gave the section, township and range upon which they were growing, but did not otherwise describe the premises, and both township and range were incorrectly given, it was held that a creditor levying upon the crops of the mortgagor would not be charged by the record with notice that they were covered by such mortgage, and that in an action at law by the mortgagee to recover the crops so levied upon evidence of a mistake in drawing the mortgage was inadmissible.

*Appeal from Buena Vista Circuit Court.*

FRIDAY, APRIL 23.

ACTION by ordinary proceedings to recover the value of certain personal property, which it was alleged the defendants had converted to their own use. Trial to the court, judgment for defendants, and the plaintiff appeals.

*H. Applington*, for appellant.

*Robinson & Milchrist*, for appellees.

SEEVERS, J.—One Sanborn executed to plaintiff a mortgage on the personal property described in the mortgage as follows: "One hundred and ninety acres of wheat, one hundred and thirty-five acres of corn, twenty-five acres of rye, sixty acres of barley and oats, all of said crops growing upon section seventeen (17), township thirty-seven (37), range ninety (90)." The mortgage also contained the following: "In case of my attempting to * * remove from the county of Buena Vista the aforesaid goods and chattels, the * * mortgagee * * may seize * * and sell the same, * * said sale to take place on said section seventeen, in the county of ———, State of Iowa." The mortgagor in the mortgage described himself as being "of the county of Buena Vista."

1. MORTGAGE: chattels; incorrect description.

The defendant bank, having procured a judgment against the mortgagor, caused the execution issued thereon to be levied on certain growing crops, consisting of wheat, corn, rye, barley and oats on section seventeen, township ninety, range thirty-seven, as the property of the mortgagor. The bank gave the sheriff an indemnifying bond, and the property levied upon, or a portion of it, was sold, and the proceeds applied by the bank to the payment of the execution. The plaintiff, claiming he was entitled to the property under the mortgage, brought this action to recover its value, and among other allegations it was stated in the petition that said mortgage was duly filed for record, and that said bank had actual notice of the mortgage; that there was a mistake in the description of the property in the mortgage, in this, that it was described as being in township thirty-seven, range ninety, instead of township ninety, range thirty-seven, and that said mistake was made by the draftsman.

On the trial the plaintiff sought to prove this mistake, but upon defendant's objection the evidence was excluded. In this there was no error for two reasons. The petition did not ask a reformation of the mortgage. If it had, it could not have been granted in this action because it is a proceeding at law. *Van Dusen v. Parley*, 40 Iowa, 70, simply holds that a defendant in an action at law may set up an equitable defense, and have a written instrument reformed.

It is probable if the property had been described as so many acres of growing wheat, etc., now on the farm of or in possession of the mortgagor, it would have been sufficient. In such case reasonable inquiry would locate and identify the property. *Smith & Co. v. McLean*, 24 Iowa, 322. The mortgage went further than this, and stated the section, township and range on which the wheat, etc., was growing. In other words the location of the property was definitely fixed and rendered certain.

Conceding the bank had notice of the mortgage and its contents, it clearly appeared from such description that the

wheat mortgaged was not that in controversy. Not because it was not sufficiently described, but because of elements of description essentially different from the property in controversy. *Rowley v. Bartholemew*, 37 Iowa, 374.

The bank had knowledge the property mortgaged was on the real estate described. It also knew there were sixteen sections in the county, which would equally well answer the description of the section, and it also knew there was no such township and range in said county.

This is not a case of imperfect or insufficient description of personal property, but just the reverse. We do not think the description was such as to put the bank on the inquiry to ascertain, as best it could, whether there had been a mistake in drafting the mortgage. Upon what principle was the bank bound to know or suppose the township and range had been transposed. Besides this, certain descriptions or calls in the mortgage must be rejected and others substituted. Why reject one of these calls more than another. Why should the bank conclude the property mortgaged was situate in Buena Vista county. Only because the mortgage made certain provisions in relation to its removal therefrom, and the mortgagor described himself as being of that county. These things should not be allowed to prevail over the positive description and location of the property. The bank could not reject any one description with more propriety than another, except that such as were definite and certain should be allowed to govern its action as to making inquiry outside of the mortgage.

We think it was not bound to do so.

AFFIRMED.