### BARRETT v. FISCH.

1. **Chattel Mortgage:** INSUFFICIENT DESCRIPTION. The record of a chattel mortgage in which the property is described simply as " one sorrel horse three years old," is not sufficient to impart constructive notice to third persons, though it also states the county in which the mortgagor resides, and that in case of foreclosure the horse is to be sold in that county.

2. ———: ———: ACTUAL NOTICE: PLEADING. In such case, where defendant alleged that his mortgage was duly recorded prior to plaintiff's purchase of the horse, thus clearly indicating that he relied upon the record as notice of his interest, no issue as to actual notice was made.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, JANUARY 19, 1889.

ACTION for the recovery of specific personal property. Verdict and judgment for plaintiff. Defendant appeals.

*Geo. W. Hewitt*, for appellant.

*O. M. Barrett* and *S. A. Callvert*, for appellee.

REED, C. J.—Plaintiff purchased the property in question, which is a horse, from John K. Rothaermel.

1. CHATTEL mortgage: insufficient description. Defendant claimed under a chattel mortgage executed by Rothaermel before the sale to plaintiff. The description in the mortgage is " one sorrel horse, three years old." The instrument recites, however, that the mortgagor was a resident of Sioux county, and provides that in case of foreclosure the property shall be sold in that county. The district court ruled that the record of the mortgage did not impart constructive notice, and directed a verdict for plaintiff. It has frequently been held by this court that the record of a mortgage containing a description

Barrett v. Fisch.

similar to that in question was not constructive notice to creditors or subsequent purchasers of the rights of the mortgagee. *Caldwell v. Trowbridge*, 68 Iowa, 150; *Rhutasel v. Stephens*, 68 Iowa, 627; *Barr v. Cannon*, 69 Iowa, 20. It was contended, however, that the recital as to the mortgagor's place of residence, and the provisions as to the place of sale, were sufficient to suggest an inquiry, which, if followed, would have led to the identification of the property intended to be covered by the mortgage. But this position cannot be sustained. It could be understood from the recital, perhaps, that the mortgage was intended to cover property in Sioux county. But knowledge of that fact would not aid one who was seeking information as to the particular property intended. Aided by the recital, the description is simply of a sorrel horse, three years old, in Sioux county, which is as indefinite as that given in express terms in the mortgage.

It was contended, however, that as the mortgage was valid as between the parties to it, the burden was on plaintiff to prove that he did not have actual notice of its existence when he made the purchase of the property, and that, as he did not introduce evidence of that fact, the verdict should have been the other way. The case was tried, however, upon the theory that defendant's right depended upon whether the record of the mortgage imparted constructive notice. He alleged that his mortgage was duly recorded before plaintiff's purchase; thus clearly indicating that he relied upon the record as notice of his interest. We think the court below was correct in the view that no issue as to actual notice was presented by the pleadings.

2. ——: ——: actual notice: pleading.

AFFIRMED.