FORT WORTH NATIONAL BANK V. RED RIVER NATIONAL
BANK OF GAINESVILLE, TEXAS.

No. 7189.

1.   Interpretation of Written Descriptions.—Written descriptions are to be interpreted in the light of the facts known and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect—the parties and their privies.

2.   Description of Cattle in Chattel Mortgage.—A debtor executed a deed of trust to secure a creditor upon "ninety-five head of three, four, and five year old steers. Said steers are now located on the home place of the grantor, and in the following brands, to-wit, about seventy-five head are branded TEX, and about twenty head are in various brands." Another creditor ascertaining that but sixty-two head were branded TEX, caused the remaining thirty-three to be seized and sold under execution. In suit to enforce the trust deed, *held*, competent to prove that the mortgagor had but ninety-five steers at his place, and that they had remained there from the date of the trust deed until the seizure under execution, and that it was his intention to include all in the trust deed. Judgment was properly rendered that the deed of trust covered all the cattle, notwithstanding the mistake as to the number in the brand given and absence of brand as to the others.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT. No statement is necessary.

*A. M. Thomason*, and *Potter, Potter & Eddleman*, for appellant.—The mortgage attempted to be enforced in this suit is wholly void, because the description of the property attempted to be mortgaged is too vague, uncertain, and indefinite to identify said property. Jones on Chat. Mort., sec. 56.

No brief for appellee reached the Reporter.

GARRETT, PRESIDING JUDGE, *Section B.*—Suit was instituted in the District Court of Cooke County by the appellee to recover of J. H. Stone and another upon a promissory note, and to foreclose a chattel mortgage, executed by Stone to secure the payment of the note, upon ninety-five steers; and the appellant was made a party defendant as claiming some interest in said steers. Appellant's claim grew out of the purchase by it of thirty-three head of the steers at a sale under an execution issued on a judgment in its favor against said Stone, levied subsequent to the execution of the mortgage.

Trial was had without a jury, and judgment was rendered in favor of appellee for the amount of the note, with foreclosure of the mortgage on all the cattle. The Fort Worth National Bank alone has appealed.

The case turns upon the sufficiency of the description in the mortgage of the cattle levied upon, it being contended by the appellant

that the description in the mortgage as to the steers claimed by it under its execution sale is void for uncertainty. That portion of the mortgage relating to the description is as follows: "Ninety-five head of three, four, and five year old steers. Said steers are now located on the home place of the said John H. Stone, and in the following brands, to-wit, about seventy-five head are branded TEX, and about twenty head are in various brands."

Stone testified: "At the time of the execution of the deed in trust offered in evidence by plaintiff, I had just ninety-five head of three and four year old steers on my home place in Cooke County, Texas, about four miles north of Gainesville. I intended to embrace them all in said mortgage. In estimating the number in the different brands I made a mistake. I thought at the time that there were about seventy-five head of said cattle in the TEX brand, and about twenty head in various other brands. But when said cattle were levied upon and an accurate account was made, it was found that there were only sixty-two head in the TEX brand, and that there were thirty-three head of said cattle in various other brands. These cattle were all on the place known as my home place. None of the cattle levied upon and sold by the Fort Worth National Bank had the TEX brand on them, but were in various other brands. Said ninety-five head of cattle covered by said trust deed remained continuously on my home place from the execution of said trust deed to the date of the levy of said defendant's execution."

Written descriptions are to be interpreted in the light of the facts known to and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect—the parties and their privies. Defendant was bound to know that ninety-five head of three, four, and five year old steers on the home place of John H. Stone had been mortgaged. Parol evidence was admissible to show that the mortgagor had just that many steers on his home place, and that the steers remained thereon, and that those levied upon were a part of the ninety-five head embraced in the mortgage. The language of the description, that "about seventy-five head are branded TEX and about twenty head are in various brands," does not render the more general description of ninety-five head located on the home place of John H. Stone void for uncertainty. Parol evidence may be resorted to, to show that a particular article is included within the general words of the description. Jones on Chat. Mort., secs. 53, 54, 54a.

There was no error in holding that the description was not void for uncertainty, and in foreclosing the mortgage on the thirty-three steers as well as the others; and the judgment of the court below should be affirmed.

*Affirmed.*

Adopted April 19, 1892.