## J. H. KING v. J. H. HOWELL, Sheriff, Appellant.

**Mortgage: DESCRIPTION.**  A chattel mortgage described property as 1  "all hay in stack belonging to me on southwest one-fourth of section 8 and on northwest one-fourth of section 17, all in township *91*, 24 west of the 5th P. M., Iowa; also all corn now growing on the above described land; also one McCormick mower * * * now owned and kept by me."  The mortgagor lived in township *92.*  He had no property in township 91 answering to that described in the mortgage.  His only hay in stack was in sections 8 and 17, township 92, 24.  *Held,* the hay and mower were so described as to enable third persons, aided by the inquiries which the instrument itself suggests, to identify them, despite the erroneous statement of the township.

**SAME.**  This is not so of the description of the corn.  Not for insufficiency of description but because there are elements of description essentially different from the property in controversy.  It would have been sufficiently described had there been a statement that it belonged to the mortgagor or that it was located on a given farm or that it is in a given possession.

**Notice.**  A statement to the sheriff that such corn is mortgaged only 3  gives actual notice of the mortgage as it is written.

**Practice: PLEADING.**  A plea of actual notice does not admit proof 4  of constructive notice by records.

*Appeal from Wright District Court.*—HON. N. B. HYATT, Judge.

FRIDAY, APRIL 5, 1895.

Action to recover specific personal property.    The court directed the jury to return a verdict for plaintiff, and defendant appeals.—*Reversed.*

*C. M. Nagle* for appellant.

*Ladd & Rogers* for appellee.

Deemer, J.—In this action plaintiff sought to recover the possession as absolute owner of certain property, and as qualified owner under a chattel mortgage of certain other personal property, described as follows: One hundred acres of corn now growing on the northwest quarter of section 17, and the southwest quarter of section 8, in township 92, range 24, Wright county, Iowa, worth three hundred and fifty dollars; one McCormick mowing machine; and three stacks of hay,—which he alleges defendant wrongfully detains possession of. The chattel mortgage under which plaintiff claims was executed by one W. H. King on August 25, 1893, to secure a note of one thousand five hundred dollars, and, so far as material, contained the following description: "All hay in stack belonging to me, now on southwest one-fourth, section 8, and northwest one-fourth of section 17, all in township 92--24, west 5th P. M., Iowa; also, corn now growing on the above-described land; also, one McCormick mower, * * * and all other farm machinery and farm implements now owned and kept by me." Defendant claims to hold the property in question by virtue of having levied upon the same on August 26, 1893, under two certain writs of attachment issued from the district court of Wright county, in favor of C. Q. Hartshorn and Charles Rotzler against W. H. King, and denies that plaintiff is the owner of, or that he holds a mortgage upon, any of the property described. Before the trial was concluded, plaintiff released his claim to all the property except that said to be covered by the mortgage.

The evidence shows that at the time the mortgage was executed, and at the time it was first filed for record, which was on August 25, 1893, the hay in the stack and the growing corn was described as being on

the southwest one-fourth, section 8, and northwest one-fourth, section 17, township 91, range 24. This was evidently a mistake in the township, for the mortgagor was not living in township 91, and had no land or property there answering the description given in the mortgage. He did live on and cultivate land in township 92, where this property was located. The mistake was discovered in two or three days, and, with the consent of the mortgagor, the figures "91" were changed to "92," and the mortgage re-recorded on August 29th, after the levy on the property. It was shown, over defendant's objection, that before the levy of the writs of attachment the sheriff was informed by the mortgagor that plaintiff had a mortgage upon the property taken. The mortgage described the hay as follows: "All hay in stack belonging to me now on the S. W. $\frac{1}{4}$ of section 8, and on N. W. $\frac{1}{4}$, section 17, all in township 91—24 west of the 5th P. M., Iowa." From the evidence it appears that W. H. King had no hay in township 91, range 24. The only hay in stack he had was on sections 8 and 17, township 92, range 24. There he had three stacks. It seems to us that the description is such as to enable third persons, aided by inquiries which the instrument itself suggests, to identify the hay and that, while the township is incorrectly stated, yet, rejecting this false recital, sufficient remains to identify the property. The maxim, *"Falsa demonstratio non nocet,"* is applicable. *Rowley v. Bartholomew,* 37 Iowa, 374; *Smith v. McLean,* 24 Iowa, 322; *Pettis v. Kellogg,* 7 Cush. 456; *Harris v. Kennedy* (Wis.) 4 N. W. Rep. 651; *Adamson v. Peterson* (Minn.) 29 N. W. Rep. 321; *Tolbert v. Horton* (Minn.) 22 N. W. Rep. 126; *Adamson v. Fagan* (Minn.) 47 N. W. Rep. 56; *Yant v. Harvey,* 55 Iowa, 421. Tested by this rule, the description of the mower is sufficient. It is described as "one McCormick mower,   *   *   *   and all farm

machinery now owned and kept by me." The description of the corn is less definite. It is as follows: "Also, all corn now growing on the above-described land." The land described is the southwest one-fourth, section 8, and northwest one-fourth, section 17, all in township 91—24 west of the fifth P. M., Iowa. Here the location of the property is definitely fixed and certain, and, conceding that the defendant had notice of the mortgage and its contents, it clearly appeared from such description that the corn mortgaged was not that in controversy. Not for the reason that it was insufficiently described, but because of elements of description essentially different from the property in controversy. If there had been other means of identification, as that the property belonged to the mortgagor, or was then upon the farm of J. H. King, or was in the possession of W. H. King, the description under the rules before given would have been sufficient. It seems to us that the case falls within the rule announced in *Adams v. Bank*, 53 Iowa, 491, and *Rowley v. Bartholomew, supra*. See, also, *Barrett v. Fisch*, 76 Iowa, 553; *Ivins v. Hines*, 45 Iowa, 73.

It is said, however, that the defendant had actual notice that the corn was mortgaged before he levied upon it. To this there are two answers: *First.* The petition did not allege that the defendant had actual notice of the mortgage. Recovery was sought on the theory that the recording of the mortgage was constructive notice to those dealing with the property. And testimony of actual notice was irrelevant to the issues presented. *Barrett v. Fisch*, 76 Iowa, 553. *Second.* If it be conceded that plaintiff could show actual notice, yet the notice given was not true, for the mortgage did not cover the corn. All that can be claimed for it is that

defendant had notice that the parties intended to cover the corn in question, but by mistake did not do so. This would not be sufficient in an action at law to recover possession of the property. *Adams v. Bank, supra,* We think the court was in error in directing the jury to find plaintiff entitled to the possession of the corn.— *Reversed.*