P. C. FRICK, Administrator, v. M. L. FRITZ, Defendant, and MORRIS AND CUSHBERT, Interveners, Appellants.

**Chattel Mortgages:** DESCRIPTION: *Parol evidence to aid.* A chattel mortgage on "101 yearlings and two-year-olds" is not invalid, as between the mortgagor and mortgagee, in failing to show the species of the animals intended, but parol evidence is admissible to identify the mortgaged property, and to show that the language of the description, as used by the mortgagor, had a particular meaning.

NOTICE TO ATTORNEY OF ATTACHING CREDITOR. The attorney of an attaching creditor of a chattel mortgagor called on the latter before the levy of the attachment, and was told that the cattle were mortgaged to "M. & Co." or "M. and his partner." Thereafter the attorney examined the records, and found the mortgage in question, and another mortgage to the same mort-

gagees. The mortgage recited that it was given for purchase
money, and that the stock was in possession of the mortgagor.
*Held*, sufficient notice of the existence of the mortgage to ren-
der a subsequent attachment junior thereto, even though the
mortgage was insufficient to impart notice, as the attorney was
in possession of facts sufficient to put him on inquiry.

*Same.* A chattel mortgage on cattle, which are sufficiently de-
scribed, is not invalid, as to an attaching creditor of the mort-
gagor, because it falsely states that it includes all the cattle of
the specified description owned by the mortgagor, if the creditor
has the means of determining the cattle covered by the mort-
gage, but the false statement will not be regarded.
McCLAIN and DEEMER, JJ., dissenting.

*Commingling of described cattle with others.* A chattel mortgage
on a herd of cattle distinctly pointed out and identified in the
mortgage, and which are separated from other cattle of sim-
ilar description when the mortgage is given is not rendered
invalid for indefiniteness as to a subsequent attaching creditor
by the subsequent act of commingling such mortgaged cattle
with a herd of similar cattle.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M.
GIBERSON, Judge.

WEDNESDAY, JANUARY 29, 1902.

PLAINTIFF is a judgment creditor of the defendant
Fritz, and claims the personal property in controversy under
the levy of an attachment. The interveners claim it as
mortgagees of Fritz. Trial to the court, and judgment for
the plaintiff. The interveners appeal.—*Reversed.*

*Hubbard, Dawley & Wheeler* for appellants.

*Crissman, Trewin & Holbrook* for appellees.

SHERWIN, J.—July 20, 1898, the interveners sold and
delivered to the defendant Fritz 101 yearling and two year
old steers at the agreed price of $2,323, and took his note
therefor, and a chattel mortgage on the cattle securing the
same. The description of the cattle in the mortgage
is as follows: "One hundred and one yearlings and
two year olds, branded with the letter F on left hip."

The mortgage recites that it is given for the purchase price, that the property is unincumbered, and that it is in possession of the mortgagor in "Rodman, Palo Alto county, Iowa." It was properly recorded on the sixth day of August, 1898. On the twenty-first day of October, 1898, the interveners sold and delivered to Fritz 2 two year old steers and 18 yearling steers for the agreed price of $530, and took his note therefor, secured by a mortgage executed on the same day, and properly recorded on the first of November, 1898. The following is the description of the property given in the mortgage: "Two two year old steers and eighteen yearling steers, * * * being all of the property of the kind and description named now owned by me. Said property is free from all liens and incumbrances, and is now in my possession on the ——— quarter of section No. 20 of township No. 95, of range No. 31, Palo Alto county, state of Iowa." These mortgages were both recorded before the levy of the attachment in this case, and the plaintiff, through his attorney, had in his possession certified copies of both when the levy was directed and made. It is also clearly proven that the plaintiff's attorneys had been told by Fritz before the levy that his cattle were mortgaged for about all they were worth to Morris & Co., or to Morris and his partner. The name of the mortgagee given by Mr. Fritz is not clearly shown.

The first question for solution in this case is that of the validity of the first mortgage as between the mortgagor and the mortgagee, for it is evident that, if it is not a valid mortgage as between them, the controversy thereover between the mortgagee and the attaching creditor is at an end. No particular formality is necessary to make a mortgage valid as between the mortgagor and the mortgagee. *Glover v. McGilvray,* 63 Ala. 508; *Janes v. Penny,* 76 Ga. 797; *Wilmerding v. Mitchell,* 42 N. J. Law, 476; *Merchants & Mech. Sav. Bank v. Lovejoy,* 84 Wis. 601 (55 N. W. Rep. 108); *Whiting v. Eichelberger,* 16 Iowa, 422. Nor,

as between them, need it be in writing. 5 Am. & Eng. Enc. Law (2d Ed.) 954, and notes.

The kind or species of yearlings and two year olds mentioned in the mortgage is not stated, and the question arises whether, as between the parties to the instrument, the kind of stock intended to be mortgaged by them may be shown by parol. It is the general rule, sustained by nearly all of the authorities, that parol evidence is admissible for the purpose of indentifying the property actually mortgaged,—in other words it is not necessary that the property be so particularly described that it may be selected or pointed out by any one from an inspection of the mortgage itself; and the cases are numerous in which a resort to parol evidence for the purpose of identification, even where the rights of third parties have been affected thereby, has been sustained. In this case, however, something more than the mere selecting or pointing out of the particular animals of a certain kind or species named in the mortgage is sought. Here the appellant seeks to show by parol what the species or kind is that the language of the mortgage was intended to cover. So far as the description goes, it is absolutely correct, and the admission of parol evidence as to the species of property intended to be covered thereby will not change or enlarge it so as to make it cover something not included in its terms, for it purports to cover a given number of head of some kind of stock. This is at once apparent upon examination of the instrument, so that such evidence would simply supply a missing word in the description of the stock. It is held that, "where parol evidence serves to apply the description of the subject matter intended to be embraced by it, and not to change the description, it is admissible." *Nichols v. Barnes,* 3 Dak. 148 (14 N. W. Rep. 110). The principle involved here is not different from that which permits identification of the property by parol evidence when the mortgage covers "all personal property of which the mortgagors are

possessed," and the cases are many in which it is held that such a mortgage is valid as to chattels in the possession of the mortgagor at the time of its execution, and that parol evidence is admissible to identify them. *Harris v. Allen,* 104 N. C. 86 (10 S. E. Rep. 12). It is a general rule, deducible from the authorities, that parol evidence is always admissible to identify mortgaged chattels. Cobbey, Chattel Mortgage, section 166, and cases cited therein. "Descriptions of property do not of themselves identify the property, but furnish the means or data from which the property is to be identified." "Descriptions of property in chattel mortgages are to be applied and interpreted in the light of the facts and circumstances known to the parties at the time the mortgage be made." Id. section 155; 5 Am. & Eng. Enc. Law (2d Ed.) 964, and note 4; *Smith v. Mc-Lean,* 24 Iowa, 322. And see note 14 .Am. St. Rep. 239, *Barrett v. Fisch,* 76 Iowa, 553.

The appellant contends that the omission to name the species of stock mortgaged creates a patent ambiguity in the instrument which cannot be explained or helped by parol evidence, and says that it might apply as well to "cattle, heifers, steers, bulls, horses, mules, sheep, swine, or goats." We quite agree with the argument that it may be so applied when standing alone, but, such being the case, a latent ambiguity is created, and nothing more, for "if the language of the document, though plain in itself, applies equally well to more objects than one, evidence may be given both of the circumstances of the case and of statements made by any party to the document as to his intentions in reference to the matter to which the document relates." Stephen, Digest Evidence, 169; Greenleaf, Evidence, sections 289, 290, 297; *Chambers v. Watson,* 60 Iowa, 339; Beach, Modern Contract, section 742; *St. Luke's Home for Indigent Christian Females v. Association for Relief of Respectable Aged Indigent Females,* 52 N. Y. 191, 198 (11 Am. Rep. 697). It is also competent to

prove the fact that the language "yearlings and two year olds" had a particular meaning, as used by the grantor, if such is the case; for, if he was in the habit of, or if in this particular case he used the term with a specific meaning, it may be shown by parol. That he did so use it is almost conclusively evidenced by the mortgage itself, because it says that it is given for the purchase price of the yearlings and two year olds, and that they are in his possession. We are clearly of opinion that parol evidence is competent to show the species of stock mortgaged in this instance, and that the mortgage must be held valid and enforceable as against the mortgagor. Cobbey, Chattel Mortgages, sections 186-188; *Clapp v. Trowbridge,* 74 Iowa, 550; *Plano Mfg. Co. v. Griffith,* 75 Iowa, 102; *Luce v. Moorehead,* 77 Iowa, 367; *Smith v. McLean, supra; Call v. Gray,* 37 N. H. 428 (75 Am. Dec. 141); *Leighton v. Stuart,* 19 Neb. 546 (26 N. W. Rep. 198.

If valid as to the mortgagor, in what situation does it leave the attaching creditors? All of the steers bought of the interveners, except a few that died, were in the possession of Fritz, within a mile or so of Rodman at the time of the levy. If it be conceded that the mortgage of July 20th did not impart notice to the plaintiff because of insufficient description of the property, we still think the plaintiff had such actual notice and knowledge of the mortgage as to make it good as to him. In the first place, his attorney visited Mr. Fritz at his home, where the cattle were kept, and in an effort to secure the payment of the claims against him sued on herein asked him if he "didn't have some cattle that he could secure him on." He was then told by Mr. Fritz that his cattle were mortgaged for all they were worth to Morris & Co., or to Morris and his partner. In the second place, the attorney himself testifies that after his visit to Fritz, and before the levy, he made an examination of the records of Palo Alto county for the express purpose of finding what

chattel mortgages Fritz had on his property, and says that he found only the two mortgages involved in this case, both of which purported to have been given to the interveners by Fritz. It cannot be doubted, then, that the attorney had actual knowledge that Fritz's cattle were all mortgaged. He knew that the interveners were the mortgagees because no other mortgages appeared of record. He knew that the mortgages were given for the purchase price of the stock, because they so recited; and he also knew where the stock could be found, because it was declared to be in the possession of the mortgagor. By the information received from Fritz and by the information received from the record of the mortgages the plaintiff's attorney was fully advised that all of the cattle then in the possession of Fritz were in fact mortgaged to these interveners. He was, then, in possession at least of such knowledge as would put him, as a reasonable man, upon inquiry. *Allen v. McCalla,* 25 Iowa, 464. In the case of *Van Evera v. Davis,* 51 Iowa, 637; no actual notice was shown; and in *King v. Howell,* 94 Iowa, 208, where there was an absolutely false description, so that an examination of the record showed a mortgage on property that did not exist, it is said that "a statement to the sheriff that such corn is mortgaged only gives actual notice of the mortgage as it is written," and, as applied to the facts in that case, it is correct.

It is argued that the mortgage of October 21, 1898, is not good as against this attachment, because it says that the steers covered thereby are all the steers owned by the mortgagor, when, as a matter of fact, he owned the 101 others; but this statement could not have mislead the plaintiff, for he had the ready means of finding out what part of the entire bunch of steers was covered by the second mortgage. It cannot be said that the mortgage is void for indefiniteness because it covers a part of an unseparated herd, for when the mortgage was given this stock was separate from the rest, and was as distinct and as cer-

tainly pointed out and identified as is possible in any case. The fact that they were afterwards put with the other steers would not bring the case within the rule contended for under the holding in *Parker v. Chase,* 62 Vt. 206 (20 Atl. Rep. 198, 22 Am. St. Rep. 99); *Meredith v. Kunze,* 78 Iowa, 111; and other cases cited. The correct part of the description in this mortgage is sufficient, and, even without the actual notice had by the plaintiff, the false part of the statement will be rejected, and the mortgage held good. Jones, Chattel Mortgages, section 61; *Kenyon v. Tramel,* 71 Iowa, 693; *Smith v. McLean, supra.*

We think both of the mortgages under consideration good as against the attachment levied herein. This holding renders it unnecessary to consider the other matters complained of.

The judgment of the district court is REVERSED.

McCLAIN, J. (dissenting),—As to the first mortgage referred to in the majority opinion, there is no contention that it was oral, nor is there any attempt to reform the written mortgage on the ground of accident or mistake. Therefore the language of the instrument itself, solely, is, so far as sufficiency of description is concerned, before us for consideration. Plaintiff had notice of this mortgage, not of some other mortgage, oral or otherwise. If this mortgage is not sufficient as to him, then interveners cannot recover thereon, and we need not discuss the conflicting authorities as to what is sufficient description as between the parties to the instrument, and how far such description may be supplemented by evidence as to their intention or mutual understanding. The question here is whether the description in the mortgage is sufficient as to a third person charged with notice thereof. Sufficiency of description is one thing; evidence to identify the property in controversy as that described in the mortgage is another, and wholly different, thing. If the description is not sufficient to con-

stitute a chattel mortgage then there is no mortgage, no matter how clearly the evidence may indicate an intention to mortgage the property which the parties had in mind. Any description is sufficient which will enable a third party, aided by inquiry which the instrument indicates and directs, to identify the property covered by it. Pingrey, Chattel Mortgages, section 142. The description must contain such particulars as will guide to the property, or point out some extrinsic fact by means of which the requisite certainty is obtained. Pingrey, Chattel Mortgages, section 143. That is, the discription must show on its face that the parties have, by adequate words, expressed their intention by reference to facts other than the intention itself as identifying the property mortgaged. Certainly, an instrument which described the mortgaged property as consisting of "certain animals now in my possession," without any other designation whatever, would not be sufficient, no matter how fully the parties may have understood, as between themselves, what animals were referred to. "While the intention of the parties may aid in ascertaining the true description, it cannot make it." *Cass v. Gunnison,* 58 Mich. 108, 115. "The description itself is conclusive as to what it is. Outside evidence is only admissible to apply the description to the proper articles. The mortgage itself is the only competent evidence of the contract between the mortgagor and mortgagee, and it shows what particular property is covered by it. It is competent to prove by parol that the property in question is the identical property covered by the mortgage, but not to go further than this." 1 Cobbey, Chattel Mortgages, section 158, citing *Citizens Bank v. Rhutasel,* 67 Iowa, 316, 320. Parol evidence is not admissible for the purpose of proving what the parties supposed that the words employed would cover, or for the purpose of applying the description to property not included within the terms which the parties actually employed in expressing their contract. *Van Evera v. Davis,* 51 Iowa, 637. This

distinction seems to have been ignored in *Plano Mfg. Co. v. Griffin*, 75 Iowa, 102, where it was held that, although the description was totally insufficient as notice to an officer making a levy on the property, parol evidence was admissible to show that it was the very property which the parties had intended to mortgage, and such evidence was held sufficient to justify the admission in evidence of the instrument itself. But the distinction is clearly recognized in the latter case of *King v. Howell*, 94 Iowa, 208, where Mr. Justice Deemer says: "If it be conceded · that plaintiff could show actual notice, yet the notice given was not true, for the mortgage did not cover the corn. All that can be claimed for it is that defendant had notice that the parties intended to cover the corn in question, but by mistake did not do so. This would not be sufficient in an action at law to recover possession of the property,"—citing *Adams v. Bank*, 53 Iowa, 491. A description is insufficient as matter of law which does not guide the inquirer so that he would reasonably be led to the identification of the property (that is, as above suggested, without reference to the intention of the parties not expressed in the instrument itself.) *Gilchrist v. McGhee*, 98 Iowa, 508. The case which seems nearest like this in the Iowa Reports is that of *Cray v. Currier*, 62 Iowa, 535, where it is held that a description of "all the cut and growing and having grown on the west $\frac{1}{2}$ of the northeast $\frac{1}{4}$," etc., is, as matter of law, insufficient, the court saying: "It is evident enough, upon looking at the description, that a word of some kind was omitted by mistake. If we could discover with reasonable certainty what the word is, we might feel justified in supplying it by construction, but we are unable to discover with any certainty what the word intended was. We know of no rule which would justify us in holding that the word omitted is the word of the broadest signification which could properly be used in connection with the other words. We cannot see why we should supply the word 'crops,' rather than 'hay,'

or 'corn,' or something else. In our opinion the description is fatally defective." So, in this case, the description might apply to heifers, or steers, or colts, or it might apply to live stock in general, consisting of animals of different species. This is no description whatever, and the mortgage is of no validity as against the plaintiff. It seems to me that the conclusion reached by the majority as to the first mortgage referred to therein is not sound.

DEEMER, J., concurs in this dissent.