## W. T. WATT v. PARLIN & ORENDORFF COMPANY.

### Decided December 12, 1906.

**1.—Sequestration—Mortgage—Trial of Right of Property.**

A claimant of property taken from his possession by writ of sequestration in a suit for foreclosure of a mortgage given thereon by another may recover if the writ of sequestration was void, though plaintiff was entitled to the possession as mortgagee after default.

**2.—Same—Name—Initials.**

Plaintiff suing in Justice Court on a note and chattel mortgage given by M. J. Peters, defendant's name was docketed and stated, in the citation by publication and the writ of sequestration, as J. M. Peters. Held, that the citation gave the court no jurisdiction to render judgment against defendant, and the writ of sequestration was void, because issued before the commencement of suit by citation against defendant and against another than defendant.

**3.—Mortgage—Description of Property.**

"One blue mare mule, 15½ hands high, worth $100," held, a sufficient description in a mortgage and writ of sequestration to identify the property.

4.—Judgment—Parties—Jurisdiction.

Judgment against one not made a party or cited in the suit can not be supported by a mere recital in the judgment itself that, by verbal agreement of all parties, such judgment was to be rendered against him.

Appeal from the County Court of McLennan County. Tried below before S. E. Stratton, Esq., Special County Judge.

*J. R. Downs,* for appellant.—The defendant can show that the writ and judgment under which plaintiff claims are void, or such as did not justify the disturbance of his possession. Betterton v. Echols, 85 Texas, 212; Fort Worth Pub. Co. v. Hitson, 80 Texas, 216; Webb v. Mallard, 27 Texas, 80.

There was no valid citation. Underwood v. Brown, 29 Texas Civ. App., 163; Netzorg v. Geren, 62 S. W. Rep., 789; Pruett v. State, 92 Texas, 435. On the proposition that J. M. Peters and M. J. Peters are different names, see English v. State, 30 Texas Crim. App., 470. See also, for a clear discussion of the whole question involved, Skelton v. Socket (Mo.), 3 S. W. Rep., 874; Freeman v. Hawkins, 77 Texas, 498.

Even if said proceedings were not void the writ and judgment against J. M. Peters did not justify the seizure of the property of M. J. Peters. Battle v. Guedry, 58 Texas, 111; Morris v. Balkham, 75 Texas, 111; Capps & Canty v. Leachman, 90 Texas, 499.

The description of mortgaged property, to affect a third person with constructive notice, must be such as to enable him to identify the property aided by such inquiries as the mortgage indicates or directs. Solinsky v. O'Connor, 54 S. W. Rep., 936; 1 Cobby on Chattel Mortgage, sec. 170.

*T. A. Blair* and *Sleeper & Kendall,* for appellee.—The writ of sequestration, being auxiliary process, is not absolutely void by reason of the fact that the initials of the defendant in the suit are transposed. Cheatham v. Riddle, 8 Texas, 162.

Plaintiff was entitled to possession of the mule by the fact that it has a valid mortgage thereon, executed by M. J. Peters, which had been duly registered, and also M. J. Peters had, without the consent of said company, sold said mule to the defendant Watt, whereby under the statute plaintiff was entitled to the possession. Rev. Stats., art. 5301; Howard v. Parks, 21 S. W. Rep., 269.

EIDSON, ASSOCIATE JUSTICE.—This was a suit for the trial of the right of property in a certain mule. Appellee filed with the justice of the peace its note against M. J. Peters and chattel mortgage executed by M. J. Peters on certain personal property, including the mule involved in this suit, to secure the payment of the note; and at the same time filed its affidavit and bond for a writ of sequestration to be issued, sequestering the property embraced in the mortgage. The justice docketed the suit against J. M. Peters, as defendant, issued a citation by publication for J. M. Peters and issued the writ of sequestration against J. M. Peters, under which the mule involved in this suit was levied upon and taken from the possession of appellant in this case. A judg-

ment was rendered in the Justice's Court in favor of appellee against J. M. Peters for the amount due on the note. M. J. Peters was not personally served with citation and did not appear in the Justice's Court. Appellant contends that the writ of sequestration issued by the justice of the peace, and under which the property involved in this case was seized, was void as to M. J. Peters, and hence could not authorize the seizure of his property.

If the writ of sequestration was void, it did not authorize the officer to take the property involved in this suit from the possession of appellant, and he could plead the nullity of such process in this suit as a bar to a recovery by appellee, the plaintiff in the writ. (Webb v. Mallard, 27 Texas, 80; Ft. Worth Publishing Co. v. Hitson, 80 Texas, 216; Betterton v. Echols, 85 Texas, 212.) But was the writ of sequestration void? We think it was. In the case of Hubbert v. Texas Cent. Ry. Co., 24 Texas Civ. App., 432, this court held that an appeal bond in an appeal from the Justice's Court to the County Court, made payable to J. T. Hubbert instead of T. J. Hubbert, the name of the appellee, was insufficient, because the names were different. In that case as in this, the initials of the christian names were simply transposed. In the case of English v. State, 30 Texas Crim. App., 470, which was a prosecution for forgery, the Court of Appeals held that where the purport clause of the indictment gave the name of the defendant as M. R. Lewis, and the tenor clause gave his name as R. M. Lewis, it constituted a variance fatal to the indictment; and here it will be observed, the initials of the christian names were merely transposed. That court in passing on the question, used this language:

"While the rule is well settled that middle initials are never taken notice of in law, that rule does not apply with regard to christian names or first initials representing christian names. 'When a party or third person is designated in a pleading, warrant or indictment by a surname preceded by one or more capital letters only, the court, in the absence of evidence, will not presume that he has any christian name, other than such letter or letters.' 16 Am. and Eng. Ency. Law, p. 116.

" 'The common law recognizes but one christian name; hence the middle name or names, or the middle initial letter or letters of a person's name, are not material, either in civil or criminal proceedings, and a variance between the pleading and proof in respect to such names or initial is, according to nearly all the authorities, harmless. Such names or initials may properly be omitted altogether.'

"The purport and tenor clauses of the indictment in this case show a manifest variance between the first initials used instead of the christian name, as well as a like variance between the middle initials."

In the case of Freeman v. Hawkins, 77 Texas, 498, it is held that a citation by publication against Mary E. Robinson and a judgment upon such citation would not bind Mary E. Freeman, although the former was the maiden name of the defendant before her marriage with D. C. Freeman, and in discussing the question, the court said:

"We are of opinion that a citation by publication requiring 'Mary E. Robinson' to be cited and to appear was not sufficient to give the court jurisdiction to render a judgment that would bind 'Mary E. Freeman.' McRee v. Brown, 45 Texas, 506.

"If there had been actual service on Mrs. Freeman under the name of 'Mary E. Robinson' it might have been her duty to appear, even though cited in the wrong name and although her husband was not made a party defendant with her; but the case before us is one in which she was only cited by publication, issued on the ground that she was a nonresident of the State, which was untrue. She had no knowledge of the pendency of the suit against 'Mary E. Robinson' or opportunity to defend it. She was not a party to the suit and is not bound by the judgment, and it should not have been admitted for any purpose. Dunlop v. Southerlin, 63 Texas, 38."

In line with this doctrine is the case of Skelton v. Sackett (Missouri Supreme Court), 3 S. W. Rep., 874, in which it was held that where the order of publication of summons gave the name of the defendant as Q. Noland, instead of Quinces R. Nolan, that such publication conferred no jurisdiction on the court.

Our statute provides that justices of the peace shall, at the commencement or during the progress of any civil suit before final judgment, have power to issue writs of sequestration, etc. (Art. 4864, Sayles' Rev. Civ. Stats.), and there is a like statutory provision relating to when the issuance of an attachment is authorized. (Id., art. 188.) It has frequently been held that the issuance of citation is the commencement of the suit in the Justice's Court. (Keeble v. Bailey, 3 Texas, 492; Price v. Luter, 14 Texas, 6; Moore v. Gulf, C. & S. F. Ry. Co., 46 S. W. Rep., 388; Brown v. Been, 54 S. W. Rep., 779.)

In the case of Moody v. McRimmon, 7 Texas Civ. App., 582, it is held that an attachment issued by a justice of the peace without the issuance of citation, is void, and its levy before the issuance of such citation is a nullity and fixes no lien. And we think the same doctrine applies to the issuance of a writ of sequestration, as the requirement of the statute relating to the time when it is authorized to be issued is the same as that relating to an attachment.

It follows from what is said above that in our opinion the writ of sequestration, by virtue of which the property involved in this suit was seized, was void upon two grounds: First, because same was issued before any suit was commenced against M. J. Peters; and, second, because it was not issued against M. J. Peters, but against J. M. Peters, a different name; and the judgment offered in evidence was void as a judgment against M. J. Peters, both upon the ground that it was rendered without any service of citation, and because it was rendered against a different named person.

We do not think appellant's contention that the amount involved was beyond the jurisdiction of the court is supported by the record. The appellee's tender of issues shows that the note sued on had two credits endorsed thereon, each of $20, which reduced the amount sued for to less than $200; and the record shows the judgment recovered to be less than $200.

We think the description of the property in the mortgage was sufficient to constitute constructive notice to all parties of the mortgage on the property in controversy. The mule is described as "one blue mare mule, 15½ hands high, of the value of $100," and the constable who levied the

writ testified that he identified and recognized the mule by the description given in the writ, which was the same as given in the mortgage.

We do not think appellee's contention that it was entitled to recover the possession of the mule in controversy in this proceeding upon the ground that it had a valid mortgage on same executed by M. J. Peters which had been duly registered, and that Peters had sold and delivered possession of said mule to appellant without the consent of appellee, sound, in view of the record in this case. This contention, if M. J. Peters were a party to this proceeding, or if appellee had obtained a valid judgment against him on the note secured by the mortgage, appears to be supported by the holding in the case of Howard v. Parks, 21 S. W. Rep., 269; but neither of such conditions exists in this case.

The judgment of the court below against H. Lazarus was unauthorized. The record shows no pleadings of any kind asking judgment against Lazarus. Neither does it appear therefrom that he was connected with the suit by citation or otherwise, except the statement in the judgment to the effect that it appeared to the court that by verbal agreement of all parties in the case the claimant W. T. Watt was to recover over against M. Michael and H. Lazarus, in case the judgment went against said Watt; and it being made to appear to the court that said Michael had died since said intervention or motion, said Michael was dismissed from the case; and it is therefore further ordered and decreed that said W. T. Watt do have and recover against H. Lazarus the sum of $100, the value of said mule, etc. (Sayles' Rev. Stats., art. 1348; Lauderdale v. Ennis, 24 S. W. Rep., 834; Hill v. Dons, 37 S. W. Rep., 638.) And the verdict of the jury furnished no basis for the judgment against Lazarus. (Henne & Meyer v. Moultrie, 8 Texas Ct. Rep., 758; Stone v. Stone, 40 S. W. Rep., 1022.)

For the reasons above stated, the judgment of the court below will be reversed, and as it may be that on another trial in the court below the appellee will be able to amend its pleadings so as to entitle it to recover herein under the ruling in the case of Howard v. Parks, supra, the case will be remanded to the court below for another trial in accordance with the views herein expressed.

*Reversed and remanded.*