CONLEY v. DIMMIT COUNTY STATE BANK. (No. 5527.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1915. On Motion for Rehearing, Jan. 5, 1916.)

1. CHATTEL MORTGAGES ☞49—LIVE STOCK—DESCRIPTION—NOTICE.

A description of property in a mortgage as "one Jersey cow, unbranded, bought from Willie Gardner, Asherton, Tex.," the mortgage being duly registered, was sufficient to charge a subsequent purchaser with constructive notice of the mortgage, where the mortgagor had only one cow.

[Ed. Note.—For other cases. see Chattel Mortgages, Cent. Dig. §§ 90–92; Dec. Dig. ☞49.]

2. CHATTEL MORTGAGES ☞47 — DESCRIPTION —CONSTRUCTION.

Descriptions in mortgages are to be interpreted in the light of the facts known and before the minds of the parties at the time of their execution.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 87, 88, 96–103; Dec. Dig. ☞47.]

3. EVIDENCE ☞460 — AIDING DESCRIPTION—PAROL TESTIMONY.

Parol testimony, such as that the mortgagor had no other property or like evidence, is admissible to aid the written description of a chattel mortgage.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. ☞460.]

4. APPEAL AND ERROR ☞736—GROUPED ASSIGNMENTS.

Where several assignments of error on different matters are grouped, they should not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. ☞736.]

5. TRIAL ☞253 — CONSTRUCTIVE NOTICE — CHARGE.

A charge on the subject of notice to third persons dealing with mortgaged property, which eliminated constructive notice altogether, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ☞253.]

### On Motion for Rehearing.

6. CHATTEL MORTGAGES ☞49 — DESCRIPTION —SUFFICIENCY—CONSTRUCTIVE NOTICE.

One who purchased a Jersey cow from the vendee of the mortgagor thereof, without asking the vendee how he came into possession of the animal, and without making inquiries of any one, or consulting the records, where the mortgage was duly registered, the description being "one Jersey cow, unbranded, bought of Willie Gardner, Asherton, Tex.," was not protected as an innocent purchaser without notice against the claim of the mortgagee, though the vendee was a man of wealth and stood well in the community, since to charge one dealing with mortgaged property with constructive notice of the mortgage it is not necessary that the property be so described as to be capable of identification from the written recital; the description being sufficient if it points to evidence whereby the precise thing mortgaged may be ascertained.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 90–92; Dec. Dig. ☞49.]

Appeal from Dimmit County Court; J. O. Rouse, Judge.

Action by the Dimmit County Bank against G. W. Vaughn and another, in which judgment was rendered foreclosing a chattel mortgage. R. S. Conley filed a claimant's affidavit and bond to recover a cow seized under the foreclosure. From the judgment for the Bank, claimant appeals. Affirmed.

Thompson & Gulley, of Carrizo Springs, and Matt Cramer, of Asherton, for appellant. Vandervoort & Johnson, of Carrizo Springs, for appellee.

FLY, C. J. [1] Appellee sued G. W. Vaughn, as principal, and Arthur Ivy, as surety, on a promissory note and to foreclose a chattel mortgage on a certain Jersey cow. Judgment was obtained for $358.35, and the foreclosure had, and an order of sale issued, and the cow seized. Appellant filed a claimant's affidavit and bond, and the cause was tried in the justice's court, and then appealed to the county court, where judgment was rendered for appellee in the sum of $110. It

is the contention of appellant that the description in the mortgage was too vague and indefinite to furnish identification of the cow and that he was therefore an innocent purchaser without notice. The description was, "One Jersey cow, unbranded, bought from Willie Gardner, Asherton, Tex.," and it is not contended that the sheriff had any difficulty in locating the cow, and it is admitted that he had her in his possession under the order of sale, when she was claimed by appellant. The evidence seems to intimate that Vaughn had no other cow. The description was sufficient, the mortgage being duly registered, to put appellant upon inquiry before he bought the cow from Vaughn. He was charged with constructive notice that Vaughn had mortgaged a Jersey cow, that he bought from one Gardner, to appellee, that the mortgage had not been satisfied, nor the debt settled.

[2, 3] Descriptions in mortgages are to be interpreted in the light of the facts known and before the minds of the parties at the time of their execution. Parol testimony is admissible to aid the written description, such as that the mortgagor had no other property, or like evidence. National Bank v. National Bank, 84 Tex. 369, 19 S. W. 517. A description no more explicit than the one under consideration has been upheld by the Court of Civil Appeals of the Third District. Watt v. Parlin, 44 Tex. Civ. App. 439, 98 S. W. 428. The case of Pitluk v. Butler, 156 S. W. 1136, cited by appellant, fully sustains the judgment of the lower court.

[4] The second, third, fourth, and fifth assignments, although on different matters, are grouped, and should not be considered. However, it may be stated that a consideration of them shows that each and all of them are without merit.

The sixth, seventh, eighth, ninth, and tenth assignments are only reiterations as to the description of the cow, and they are overruled.

[5] The eleventh assignment of error complains of the refusal to give a certain charge on the subject of notice which eliminated constructive notice altogether. It did not embody the law applicable to the case and was properly refused. As said by appellants, there is but one question in the case, that as to the description of the cow, which we hold was sufficient.

The judgment is affirmed.

## On Motion for Rehearing.

As said by the Supreme Court in Bank v. Bank, 84 Tex. 369, 19 S. W. 567, in discussing a description of cattle in a mortgage:

"Written descriptions are to be interpreted in the light of the facts known and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect—the parties and their privies."

The description in the chattel mortgage was sufficient to put appellant upon inquiry, and by such inquiry he could have learned that the cow he intended to buy had been mortgaged by Vaughn to appellee. It does not appear that he even asked Peddicord how he obtained the cow. Blythe v. Crump, 28 Tex. Civ. App. 327, 66 S. W. 885. In the case cited the contest was between a man claiming to be an innocent purchaser and the mortgagee, and the court held that the description, "two gray mares sold by Shuptrine to Vandiver," was sufficient to excite inquiry.

[6] Appellant bought the cow from Peddicord, and made no inquiry as to how he came in possession of the cow, and did not make inquiries of any one or consult the records. Doubtless, if he had asked Peddicord from whom he obtained the cow, he would have learned that Vaughn had sold the cow, and then the chattel mortgage notified him that Vaughn had mortgaged a Jersey cow, and further inquiry would have given him the knowledge that the cow held by Peddicord was the identical animal mortgaged by Vaughn. Instead of such vigilance, he trusted in Mr. Peddicord, who "stood well in the community and was reputed to be worth $42,000." No matter how accurately the cow may have been described, if appellant's trust and confidence in Mr. Peddicord can transform him into an innocent purchaser, appellee would lose its security.

It is not necessary that mortgaged property should be so described as to be capable of being identified by the written recital, but the description is sufficient if it points to evidence whereby the precise thing mortgaged may be ascertained. Jones on Chattel Mortgages, §§ 53 and 54; Frick v. Fritz, 115 Iowa, 438, 88 N. W. 961, 91 Am. St. Rep. 165; Scrafford v. Gibbons, 44 Kan. 533, 24 Pac. 968. As said in the Kansas case (Mills v. Kansas Lumber Co., 26 Kan. 579):

"Resort must be had in nearly all cases to other evidence than that furnished by the mortgage itself, to enable third persons to identify mortgaged property; and generally where there is a description of the property mortgaged, and the description is true, and by the aid of such description, and the surrounding circumstances, the third person would, in the ordinary course of things, know the property that was mortgaged, the description should be held to be sufficient."

The description in that case was "one bay horse, aged six years."

The motion for rehearing is overruled.