## S. LAPOWSKI & BRO. v. E. P. TAYLOR.

### No. 1564.

**1. Mortgage of Live Stock—Description.**

A description of property in a mortgage as, "all of the horse stock, of every kind whatsoever, branded and unbranded, that are now owned by us in Nolan and adjoining counties of the State of Texas," is sufficient.  Articles 4940, 4941 and 4942, Rev. Stats., 1896 (4262, 4263 and 4264, Rev. Stats., 1879), requiring number, marks and brands to be given, apply to sales, not to mortgages.

**2. Evidence—Subscribing Witnesses.**

Where subscribing witnesses to an unacknowledged chattel mortgage were shown to be beyond the limits of the State its execution was properly proved by the grantee.

**3. Fraud—Evidence—Res Inter Alios.**

In proof of fraud, judgment against the party charged, in a suit by third parties, and acts and declarations of parties charged to have combined with him to commit the fraud, were not admissible.

**4. Attaching Creditors—Rights Against Debtor's Mortgagee.**

In trial of right of property between a mortgagee and attaching creditors of the mortgagor, the mortgage being sustained, the mortgagee was entitled to retain possession till it was discharged, but the attachments being valid against the mortgagor, the creditors should be permitted to sell subject to the mortgage, and it was error to render judgment discharging the property from their liens.

APPEAL from District Court of Nolan County.  Tried below before Hon. WM. KENNEDY.

*H. C. Hord*, for appellants.—The mortgage was void for failing to give the number, marks and brands of each animal transferred.  2 Sayles' Civ. Stats., secs. 4562, 4563.

The legal title to mortgaged property does not pass by an assignment of the debt secured; therefore the assignee cannot maintain an action in his own name for the mortgaged property, though he may bring such action in name of the mortgagee.  Jones, Chat. Mort., sec. 503; Crain v. Paine, 4 Cush., 483; Ramsdale v. Tewksbury, 73 Me., 197.

The court erred in permitting defendant to read in evidence the unacknowledged power of attorney from John Seitz to Marshall Seitz on proof of execution by M. Seitz, without producing or accounting for the absence of the testimony of the subscribing witnesses.  Wiggins v. Fleishel, 50 Texas, 63.

The court erred in sustaining defendants' objections to the testimony offered by plaintiff, viz: (1.) A judgment in justice court, wherein A. J. and F. M. Long were plaintiffs and defendant and F. M. Taylor were defendants, which was an action for the "trial of the right of property" wherein this defendant was claimant of the property (cattle) levied on by virtue of an execution against said F. M. Taylor, and wherein said A. J. and F. M. Long recovered judgment for the cattle. (2.) The plaintiffs' offer to prove by J. F. Eidson that witness had a conversation with F. M. Taylor at Taylor's house a short time before the alleged purchase of the Seitz horses by defendant, in which conversation said Taylor admitted to witness that he had been "figuring" with Marshall Seitz, to buy the horses in controversy, and witness informed said Taylor that the Seitz Bros. owed John Seitz nothing on the M. K. Seitz notes, and that there was no doubt in witness' mind that said horses were the property of Marshall Seitz and would be levied on by the creditors of Seitz Bros.; when said Taylor then asked witness if anyone else but John Seitz and witness knew of the facts, and that if he could get hold of the horses he could make a good thing out of it. All this testimony was stricken out on objection of defendant, to which ruling the plaintiffs excepted. Appellants had alleged conspiracy between F. M. Taylor and E. P. Taylor on the one side, and M. Seitz on the other to defraud the creditors of Seitz Bros. Under cross-examination of defendant E. P. Taylor, appellants, at time of offering the rejected testimony, had in support of this allegation of conspiracy shown that at the time of the pretended trade for the notes E. P. and F. M. Taylor and M. Seitz were present, and at time the lease to the pasture was written said parties were again present and acting together, and this testimony considered in the light of the rejected testimony tended to prove that there was a conspiracy as alleged; if so, the declarations and admissions and acts of each and all the conspirators were admissible.

An assignee of a mortgage, in possession under unforeclosed mortgages, only has a lien subject to the equity of redemption by mortgagor; and creditors of mortgagor who obtain liens on the property conveyed by levies made subsequent to the possession of assignee under prior mortgages, are subrogated by their subsequent levies to all the rights of redemption of mortgagor, and in an action for the "trial of the right of property" between said assignee and said creditors, where the judgment of the court is that assignee retain possession for the purpose of foreclosing his mortgage on the property, the court should, by its judgment, protect the liens of said creditors and give them a foreclosure, subject to that of assignee. Posey's U. C., 112.

*W. H. Cowan,* for appellee.—The mortgage was not void for want of sufficient description. 2 Wait's Act. & Def., 175-6; 3 Am. and Eng. Encyc. Law, 180 note, Jones, Chat. Mort., secs. 53, 54, 55, 56, 64, 65 and notes; Cobbey, Chat. Mort., secs. 155, 166, 170, 178, 498 and notes; Brown v. Holmes, 13 Kan., 482. Arts. 4562 and 4563,

Rev. Stats., do not apply to a mortgage lien on horses—they apply only where there is a sale or passing of title.

An assignee of notes secured by a chattel mortgage on personal property where such personal property is in the actual possession and control of the assignee at the time property is taken from his possession under an execution or attachment can maintain the trial of the right of property under the statute against the plaintiffs in executions and attachments. Rev. Stats., art. 2296; Erwin v. Blanks, 60 Texas, 587; Cobbey, Chat. Mort., secs. 498, 655.

When the subscribing witnesses to an instrument are shown to be without the jurisdiction of the court, the rule requiring the production of the subscribing witnesses ceases and the execution of such instrument may be established by any other competent evidence. Craddock v. Merrill, 2 Texas, 495; Abbott's Trial Ev., 391, sec. 4; 1 Greenl., Ev., sec. 572. The power of attorney shows on its face and recites that it was executed in the State of Ohio, and the presumption is that the subscribing witnesses resided there at its execution and that they still continue to reside there, until the contrary appears, and under this presumption secondary evidence is admissible to prove the execution of an instrument, as it raises the presumption that the subscribing witnesses are beyond the jurisdiction of the court. Abbott's Trial Ev., 391, sec. 4; Savage v. D'Wolf, 1 Blatch., 343. John Seitz testified by deposition that he authorized Marshall Seitz to take charge of the horses and sell them.

KEY, ASSOCIATE JUSTICE.—*Opinion.*—1. This is a statutory action for the trial of the right of possession of 87 head of horses. Valid attachments and executions in favor of appellants and against the firm of Seitz Bros. were levied on the horses, and appellee instituted this proceeding alleging that he was in actual and rightful possession of the horses as a mortgagee when they were seized by the sheriff. Appellants alleged that the mortgage under which appellee claimed was void for want of sufficient description, and also that it was a fraudulent device to defraud creditors.

There was a non-jury trial, resulting in a judgment for appellee. No conclusions of fact and law were filed by the trial judge. The evidence, however, warrants, and, in support of the judgment, we find, that when the sheriff seized the horses they were in the actual possession of appellee; that appellee held them under a mortgage executed by Seitz Bros.; and that the execution of the mortgage and the other writing disclosed by the record were not in fraud of the creditors of said Seitz Bros.

2. The description of the animals covered by the mortgage is as follows: "Also all of the horse stock of every kind whatsoever, branded and unbranded, that are now owned and held by us in Nolan and adjoining counties of the State of Texas, and to include all of the increase of and from said horses of whatsoever class that may hereafter arise

from said horses." This is a sufficient description; it includes all horses belonging to the mortgagors in Nolan County and the counties adjoining Nolan, and therefore was not void for uncertainty of description. Articles 4562, 4563 and 4564 of the Revised Statutes, invoked by appellants, apply to sales, not to mortgages.

3. It was shown that the two subscribing witnesses to the power of attorney from John Seitz to Marshall Seitz resided in the State of Ohio. Therefore the court did not err in permitting the plaintiff to read said power of attorney as evidence after proving its execution by Marshall Seitz. Craddock v. Merrill, 2 Texas, 495; 1 Greenl., Ev., sec. 572. Besides, it was shown that John Seitz afterward ratified what Marshall Seitz had done under the power of attorney.

4. The court below ruled correctly in excluding the judgment in favor of A. J. and F. M. Long against F. M. Taylor, and other evidence offered for the purpose of showing that F. M. Taylor had transferred property to appellee to defraud his creditors. The evidence had no relation to this case.

5. The judgment provides that "the several plaintiffs in execution and attachments levied on the said horses take nothing by such levies and said horses be and they are hereby discharged from any and all liens by reason of the levy of said attachment and executions thereon and said claimant retain possession of said horses until his mortgage lien is discharged and that plaintiffs take nothing," etc.

Appellants contend, and we think correctly, that the court committed error in adjudging their attachment and execution liens to be ineffectual and discharged. The attachment and execution levies were valid as against Seitz Bros., who owned the property subject to the mortgage under which appellee held it; and while, under article 2296 of the Revised Statutes, appellee was entitled to remain in possession until his claim was satisfied, still, appellants should not have been cut off from their right to have Seitz Bros.' equity of redemption sold under their attachment and execution liens.

6. The judgment will therefore be reformed so as to permit appellee to retain possession of the horses until the mortgage executed by Seitz Bros. to J. H. Beal, trustee, is discharged, but allowing appellants to proceed to sell the property subject to said mortgage as though the levies thereon had been made in the manner directed by article 2296 of the Revised Statutes (1879); and the costs of this appeal will be taxed against appellee. In all other respects the judgment will be affirmed.

*Reformed and affirmed.*

Decided May 27, 1896.