## CHILDRESS et al. v. FIRST STATE BANK OF BARNHART. (No. 6674.)

(Court of Civil Appeals of Texas. Austin. Feb. 13, 1924.)

1. **Chattel mortgages** ⟺47—**When description sufficient, stated.**

Description in chattel mortgage suggesting inquiry or means of identification of property conveyed is sufficient under maxim, "That is certain which is capable of being made certain."

2. **Chattel mortgages** ⟺49(1) — **Description held sufficient to cover all horses owned by mortgagor in county.**

Chattel mortgage on "all other cattle, sheep, hogs, horses, or other live stock situated in the county" *held* sufficient to include all horses belonging to mortgagor within county.

3. **Evidence** ⟺395(1) — **Parol evidence that printed· clause including horses was not intended to cover horses until written in blank space held inadmissible.**

In absence of pleading of fraud or mistake, or of ambiguity, parol evidence. that, notwithstanding printed clause including horses, parties did not intend horses to be included under chattel mortgage until description of them was written in blank space, *held* inadmissible under parol evidence rule.

4. **Pleading** ⟺379—**Evidence not admissible on issue not pleaded.**

Evidence is not admissible on issue not pleaded.

5. **Appeal and error** ⟺837(11)—**Incompetent testimony cannot be considered by appellate court, though not objected to.**

Incompetent testimony cannot be considered by appellate court as basis for finding of facts even though not objected to.

Error from District Court, Crockett County; James Cornell, Judge.

Action by the First State Bank of Barnhart against P. L. Childress and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

C. E. Davidson and Houston Smith, both of Ozona, and Blanks, Collins & Jackson, of San Angelo, for plaintiffs in error.

N. W. Graham, of Ozona, and Hill & Hill, of San Angelo, for defendant in error.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BAUGH, J. On September 13, 1919, G. L. Caruthers, who resided in Crockett county, Tex., borrowed $500 from the Ozona National Bank, and secured its payment by executing a chattel mortgage on personal property. This mortgage was on a regular printed form used by the bank. This form contained a blank space for the insertion of a description of the property mortgaged, which was followed in the printed portion by this general descriptive clause:

"Also all other cattle, sheep, hogs, horses or other live stock situated in said county aforesaid now owned or that may be hereafter acquired by said mortgagor."

In this mortgage in the blank space was filled in a description of 200 head of cattle. This $500 debt was never paid the Ozona Bank but was renewed and merged into other and larger loans on March 3, 1920, March 29, 1920, July 30, 1920, and again February 26, 1921, at which time Caruthers' note to said bank was for $9,000, including the original $500 debt. At each renewal a new mortgage, containing the same general descriptive clause above quoted, was executed by Caruthers, but varying as to the personal property described in the filled in space in the mortgage. In this portion of the mortgages filled in by the bank at the time the mortgages were executed, horses were never mentioned until the mortgage of February 26, 1921, was executed, when the nine saddle horses involved in this suit were particularly mentioned and described by location, brand, etc.

Meantime said G. L. Caruthers had also been borrowing money from the First State Bank of Barnhart and executing mortgages on a similar form to that bank. On July 20, 1920, in order to secure a note to that bank for $2,100, he executed such mortgage, into the blank space of which was written by the bank the following description: "100 head of stock horses branded on the left hip E located on my ranch in Crockett county, Texas." This loan was renewed on February 16, 1921, with a new mortgage, into the blank portion of which was written by the bank the following: "100 head of stock horses branded E on the left hip; meaning to include all horses wherever found or of whatever description," and other property not pertinent to our inquiry. This mortgage was recorded February 18, 1921, eight days before the execution of the last above-described mortgage given the Ozona Bank. It is under these mortgages of July 20, 1920, and February 16, 1921, that the Barnhart Bank claimed priority over the Ozona Bank to the nine head of saddle horses in controversy.

Caruthers abandoned the property in March, 1921, and a controversy arose between the two banks as to which was entitled to the nine horses. P. L. Childress took charge of them as trustee by agreement, sold the horses, and the Barnhart Bank sued him and the Ozona Bank for the proceeds, claiming same under its mortgages above described. The case was tried without a jury. The court found that the general descriptive clause embodied in the printed form of the mortgages given the Ozona Bank, the first three of which mortgages were prior in point of time to those given to the Barnhart Bank, was, too uncertain and indefinite to include the nine head of saddle horses in controversy, and rendered judgment in favor of the Barnhart Bank. From this judgment the Ozona Bank and Childress bring the case before us upon writ of error.

Only two questions are presented to us for review. Our conclusion as to the first one disposes of the case, and it is not necessary to pass upon the second. The first question is: Was the language of the general descriptive clause in the mortgages given by Caruthers to the Ozona National Bank definite enough and sufficient to include the nine head of saddle horses, proceeds from the sale of which are involved in this suit? This descriptive clause was as follows:

"Also all other cattle, sheep, hogs, horses or other live stock, situated in the county aforesaid, now owned or that may be hereafter acquired by said mortgagor, until this mortgage is released in full, save and except such live stock as may be herein especially reserved."

It is not disputed that all of said horses were situated in Crockett county, where Caruthers resided.

[1] The general rule for sufficiency of description of property included in a chattel mortgage is that, "if such description suggests inquiries or means of identification which, if pursued, will disclose the property conveyed," it is sufficient. This is based upon the general maxim, "That is certain which is capable of being made certain." See 11 C. J. p. 458, and Texas authorities there cited; Conley v. Dimmit County Bank (Tex. Civ. App.) 181 S. W. 271; Barron v. Bank (Tex. Civ. App.) 138 S. W. 142; Rus v. Bank (Tex. Civ. App.) 228 S. W. 985; Lapowski v. Taylor, 13 Tex. Civ. App. 624, 35 S. W. 934. In the case of Bank v. Bank, 84 Tex. 369, 19 S. W. 517, appears the following pertinent language as to mortgages on cattle:

"Written descriptions are to be interpreted in the light of the facts known to and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect—the parties and their privies."

"It is not necessary that mortgaged property should be so described as to be capable of being identified by the written recital, but the description is sufficient if it points to evidence whereby the precise thing mortgaged may be ascertained." Conley v. Bank (Tex. Civ. App.) 181 S. W. 272, and authorities there cited.

[2] The clause in question included all horses belonging to the mortgagor situated

in Crockett county. The nine horses in controversy were specifically described as saddle horses—the ones most commonly used on ranches, usually kept either at ranch headquarters or readily available, and the ones that would likely be first encountered by one setting out to locate the horses belonging to Caruthers situated in that county. In the case of Lapowski v. Taylor, above cited, in an opinion by our lamented Chief Justice Key, we find the following language, very pertinent to the facts in this case:

"The description of the animals covered by the mortgage is as follows: 'Also all of the horse stock of every kind whatsoever, branded and unbranded, that are now owned and held by us in Nolan and adjoining counties of the state of Texas, and to include all of the increase of and from said horses, of whatsoever class, that may hereafter arise from said horses.' This is a sufficient description. It includes all horses belonging to the mortgagors in Nolan county and the counties adjoining Nolan, and therefore was not void for uncertainty of description. Articles 4562–4564 of the Revised Statutes, invoked by appellants, apply to sales, not to mortgages."

[3] Defendant in error insists, however, that the testimony of Elam Dudley, cashier of the Ozona Bank, who procured its mortgage from Caruthers, shows that, notwithstanding the general descriptive clause in the printed portion of the mortgage included horses, there was no intention of the parties to actually mortgage Caruthers' horses until the description of them was written into the blank space in their form mortgage on February 26, 1921, which mortgage was subsequent in time to the mortgage relied upon by the Barnhart Bank; and that therefore the Ozona Bank did not in fact have any mortgage on these horses until February 26, 1921. The record discloses no exception to the introduction of this testimony, but we cannot consider it for any purpose. Either Caruthers, who executed the mortgages, or the Barnhart Bank, could have shown, under a proper pleading of fraud or mistake of fact that, though "horses" were named in these first mortgages, there was no intention to mortgage any such property to the Ozona Bank, if such were in fact true. But, in the absence of any pleading of fraud or mistake of fact in the execution of the mortgages on which the Ozona Bank relies to establish the priority of its claim, or in the absence of ambiguity in the instrument authorizing admission of parol evidence to disclose the intention of the parties to the mortgages, the cashier's testimony would not be admissible to show such intention. The rule that parol evidence is not admissible to vary the terms of a written instrument is too well settled to require citation of authorities.

[4, 5] Evidence is not admissible on an issue not pleaded. Nor can incompetent testimony be considered by an appellate court as a basis for a finding of facts even though not objected to when offered.

"When the appellate court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force." Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Webb v. Reynolds (Tex. Com. App.) 207 S. W. 917.

We are confined, therefore, in our disposition of this case, to the interpretation of the language of the mortgages, regardless of whether such language was contained in the printed portion of the mortgage form used, or written into them by the parties at the time they were executed. In our opinion, therefore, under the rules above laid down, and the authorities cited, the language of the prior mortgages of the Ozona Bank constituted a sufficient description to include within the terms of such mortgages the nine saddle horses in question, and the trial court erred in holding the contrary. For this error the cause must be reversed and remanded.

Reversed and remanded.