## IRVIN v. IRVIN.   (No. 8019.)

Court of Civil Appeals of Texas. San Antonio. June 13, 1928.

**1. Pleading ⬳252(1)—Amendment to petition relates back to commencement of suit.**

Amendment to petition relates back to date of commencement of suit.

**2. Limitation of actions ⬳127(2)—Statute of limitation is suspended from institution of petition, where amendment contains practically same parties and cause of action.**

Where amendment to petition contains practically same parties and same cause of action, running of statute of limitation is suspended from institution of petition.

**3. Liens ⬳16—Plaintiff paying balance of purchase price due by defendant, and secured by lien on both their lands, could free his land from lien and retain lien against defendant's land to secure payment under agreement with defendant.**

Where, under deed from father to plaintiff and defendant of separate tracts of land, defendant assumed entire indebtedness secured by lien on both plaintiff's and defendant's land, and plaintiff was given lien on defendant's land to secure payment of debt, plaintiff was entitled to free his land from lien for purchase price, and at same time retain lien against defendant's land to secure balance of purchase price paid by plaintiff under agreement by defendant to execute note therefor.

**4. Estoppel ⬳52—Estoppel does not arise without showing of false representation or injury knowingly made to person acting thereon to his injury.**

No estoppel arises where there is no showing of any false representation or concealment

of material fact made with knowledge of facts to person ignorant of truth of matter, with intention that such person should act thereon, and which induces him to so act to his injury.

**5. Estoppel ⬳78(6)—Plaintiff, paying indebtedness due by defendant and secured by lien on both their lands under agreement with defendant, held not estopped to establish debt and lien on defendant's land.**

Where defendant was liable for entire purchase price of separate tracts conveyed to both plaintiff and defendant secured by lien on entire land, and plaintiff paid balance due on purchase price under agreement by defendant to execute note as evidence of debt and make reimbursement, and there was no misrepresentation or concealment by plaintiff of any fact preventing defendant from purchasing part of indebtedness secured by lien on plaintiff's land, no estoppel was created against plaintiff recovering indebtedness and establishing lien on defendant's land.

**6. Subrogation ⬳33(2)—Plaintiff could not pay purchaser's indebtedness on land before due without holder's consent, and on theory of subrogation to seller's lien, foreclose on original indebtedness.**

Where defendant was liable for entire purchase price of separate tracts conveyed to both plaintiff and defendant, and secured by lien on entire land, plaintiff could not pay indebtedness before it became due without consent of holder, and, on theory of subrogation to lien of seller by payment of balance due on purchase price, enforce foreclosure or payment on original indebtedness.

**7. Subrogation ⬳31(4)—Plaintiff, discharging lien on land by paying purchase price under agreement with purchaser liable therefor, became subrogated to, and equitable owner of, lien.**

Where defendant was liable for entire purchase price of land conveyed to both plaintiff and defendant, and secured by lien on entire land, and agreed to execute note to plaintiff for balance due on purchase price on plaintiff's paying same and discharging lien on plaintiff's land, plaintiff, discharging lien and paying purchase price, became subrogated to and equitable owner of lien.

**8. Appeal and error ⬳1011(1)—Court of Civil Appeals must accept findings, based on conflicting evidence, that parties entered into agreement.**

Finding of trial court on conflicting evidence that agreement was entered into between parties, based on conflicting evidence, must be accepted by Court of Civil Appeals.

**9. Subrogation ⬳41(8)—Defendant, liable for purchase price, held not injured by decree subrogating plaintiff paying purchase price to lien rights under conditions of deed to defendant.**

Where defendant was liable for entire purchase price of separate tracts conveyed to both plaintiff and defendant, secured by lien on entire land, and agreed to execute note for balance of purchase price to plaintiff paying balance to discharge lien on his tract, decree subrogating

plaintiff to lien rights on defendant's land on same conditions as original deed to defendant *held* not injurious to defendant.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by W. V. Irvin against D. R. Irvin. Judgment for plaintiff, and defendant appeals. Affirmed.

H. J. Passmore, of Robstown, for appellant.

S. A. Early and Sidney P. Chandler, both of Corpus Christi, for appellee.

COBBS, J. This suit was filed in the district court of Nueces county for the establishment of a lien, or the maintaining of a lien already established, upon 160 acres of land situated in Nueces county, Tex., belonging to appellant, D. R. Irvin, and to establish the debt of $6,020.55 and interest from the 30th day of March, 1925. The original petition alleged the debt of $6,020.55; that such was secured by a lien on 160 acres of land belonging to the appellant; that the appellee had paid such debt for the appellant upon the assurance that the appellant would reimburse appellee and hold him harmless, and that, relying on such agreement or promise, the appellee paid the $6,020.55 to the holder of the lien, which was the amount of the principal and interest then due; that, after such payment by the appellee, the appellant refused to pay said sum to appellee, or any part thereof, and the appellee prayed for judgment for said sum, with interest and costs, and for the establishment of a lien on the appellant's said land to secure the payment thereof.

The appellant answered with a general demurrer and general denial. The appellee filed his first amended original petition on December 13, 1927, and elaborated on the original petition by detailed pleadings, and alleged that, under a deed from the father of the parties of this suit, the appellant had assumed an indebtedness of $20,000, which was a lien against 760 acres of land deeded to these parties by their father, 440 of which was deeded to the appellee and 320 was deeded to appellant, and a lien was created on the land conveyed to the appellant to secure the payment of the entire amount, and that of the amount assumed by the appellant there was unpaid $6,020.55, which was secured by a lien on the appellee's land, and that the appellant still owned 160 acres of his original tract, and appellee still owned 320 of his original tract, and that the appellant had assumed and agreed to pay the entire amount of the indebtedness, and that the said 160 acres stood to secure the payment of all the balance due. The appellee set out that he desired to sell his land, and took up the matter with his brother, the appellant, and had an agreement with him that appellant would execute to appellee a note for the $6,020.55, principal and interest then due, payable to the appellee, in evidence of said indebtedness, and pleaded the payment of the said amount to the original holder of the said entire indebtedness, and the securing fo the release of said amount from such holder, who was called "Land Bank," which indebtedness the appellee alleged to be a part of the purchase price of the appellant's said 160 acres of land remaining of the appellant's original tract of 320 acres. The appellee alleged the promise to pay by the appellant and the promise to execute the said note for $6,020.55, aforesaid, and the failure to pay, and that he was entitled to subrogation on said claim and under said deed of trust and deed, etc., and prayed for judgment for his debt and the establishment of his lien on said land, costs and interest, etc., with a foreclosure of his lien.

The appellant answered by first amended original answer, and pleaded the general issue, the statute of limitation of two years, and then pleaded in full the same transaction as to the assumption by him of the said $20,000 indebtedness, and admitted that he assumed the debt of which the $6,020.55 sued for was a part, but pleaded that same was not due under his deed, and would not be due until December 8, 1929, and pleaded that at such time he could, at his option, renew same, if he desired.

The cause was tried before the court without the intervention of a jury, and judgment was rendered in favor of the appellee against the appellant for the amount sued for, establishing the lien on the land described with a stay of execution till the 8th day of December, 1929, and providing for the existence of said lien as created under the said deed of trust and deed, and suspended foreclosure until the default by the defendant, as provided in such instruments, and making such lien subject to a $3,000 lien existing on the said land and in favor of the Texas Farm Mortgage & Investment Company.

The court made and filed findings of fact and conclusions of law at the request of appellant. These findings are very correct, and are supported by the evidence, which we approve and adopt, but they are too lengthy to be set out herein.

[1, 2] An amendment to a petition relates back to the date of the commencement of the suit, and takes its place, so that, the amendment being practically the same parties and the same cause of action, the running of the statute of limitation is suspended from its very institution because it does not set up a new or different cause of action. The cause of action is not barred by the statute of limi-

---

tation of two years, and the assignment is overruled. Yndo v. Rivas (Tex. Civ. App.) 142 S. W. 923.

The $6,020.55 sued for is a part of the original purchase price for 160 acres of land for which payment was assumed and secured by a mortgage on the land.

The deed from G. W. Irvin to D. R. Irvin, among other things, recites: "It being under-stood and agreed that D. R. Irvin assumes and shall pay the whole of said debt of $20,-000, and, that same shall become a first lien on the below-described land," and the land described includes the 160 acres involved in this suit.

It is not disputed that the $20,000 was an indebtedness that was secured by a lien on the plaintiff's land as well as the defendant's, and that the defendant's land was charged separately with the whole indebtedness as well as the defendant personally under his deed.

The testimony of the plaintiff shows that the defendant agreed to execute a note to him in evidence of the debt to him. And it shows that plaintiff would not have paid the debt had he not had an understanding with the defendant to that effect.

[3] The plaintiff had a right to get his land out from under this lien and at the same time retain a lien against the defendant's land to secure that debt just as it stood. The deed to the defendant required him to pay that debt, and gave the plaintiff a lien against defendant's land to secure that payment. Plaintiff had to protect his land, and did, and is entitled to a lien for his debt for its protection.

[4, 5] There is no pleading or proof that raises any true estoppel. No estoppel arises where there is no showing of any false rep-resentation or concealment of a material fact, made, with the knowledge of the facts, to one ignorant of the truth of the matter, with the intention that the other party should act upon such, and which induces him to so act to his injury. It is not shown that plain-tiff misrepresented or concealed any fact that would prevent defendant from paying off or buying part of the indebtedness secured by a lien on appellee's land. It was shown that the defendant had agreed to execute a note to the plaintiff as evidence of his debt. In fact, the defendant admits he owes the debt, and says he is willing to pay it; and at the time agreed, but afterwards repu-diated.

The court found, and the evidence shows, that the parties accepted their deeds with the conditions in them, and it is not shown that the plaintiff did anything improper or otherwise to cause the acceptance by defend-ant, or to change his position. The deed does not impose any obligation upon appellee not to contest a renewal of a lien on his own land, or otherwise.

Appellant is in no position, with unwashed hands, to come into court and claim equity, for he owes and admits the debt sued upon, which is secured by that lien on his own land, notwithstanding he led appellee to believe he would sign a note to evidence the debt, if appellee paid the $6,020.55 on the same.

[6] It is true Irvin did not have the right to pay said indebtedness before it became due, without the consent of the holder, but did, under the terms of the instrument, have the right at maturity to extend or renew or rearrange the payment, and G. W. Irvin was bound thereby, and, in the event of subro-gation, would be given no additional or fur-ther right, and would not be given the right either to enforce foreclosure or payment on the original indebtedness.

[7, 8] The agreement that appellant made, that appellee might pay off and discharge the lien, and execute his note for $6,020.55, though denied by appellant, and never con-summated, was acted upon by appellee, and the lien was discharged. While this was a very disputed contested issue, the court made its findings in favor of appellee's contention, and we must hold that such agreement was made, and that appellee had the right to act upon it. So, when appellee discharged the lien, he became subrogated to, and became the equitable owner of, the lien.

[9] It is not apparent that appellant was in any way injured thereby, because it was written in the decree—

"that the plaintiff is entitled to a lien upon the * * * land * * * to secure the payment of the above said sum of money which the court finds to be a part of the purchase price of said land as provided in a deed and conveyance from G. W. Irvin to D. R. Irvin, dated the 1st day of March, 1921; and further, under a deed of trust from G. W. Irvin to E. D. Henry, trustee, for the benefit of the Texas Farm Mortgage & In-vestment Company, and its assigns, dated the 8th day of December, 1918, the plaintiff is enti-tled to be subrogated to all the rights, securi-ties, liens, and remedies created by said deed of trust and deed to the extent of $6,020.55, as such liens existed on the 30th day of March, A. D. 1925, with interest thereon from such date as provided in said deed of trust and deed.

"It is therefore ordered, adjudged, and decreed by the court that the aforesaid liens, rights, remedies, and securities specified in said deed as recorded in volume 133, p. 504, of the Deed Rec-ords of Nueces county, Tex., and as specified in said deed of trust as recorded in volume 16, pp. 23 to 25, deed of trust records, Nueces county, Tex., to the extent of $6,020.55, with interest thereon from March 30th, 1925, until paid, as provided in said instruments, be established as a lien on the above-described lands in favor of the plaintiff W. V. Irvin, as of the 30th day of March, 1925.

"It further appearing to the court that the plaintiff is not entitled to a foreclosure of his said lien until the 8th day of December, A. D. 1929, unless the defendant default in the pay-ment of the interest on said debt, as provided in said deed of trust, said lien is not herein fore-

closed, and the rights of the parties under said deed and deed of trust are not herein prejudiced."

Appellant's full rights as written in the deed and trust instruments are fully preserved and protected by the judgment of the court.

We have considered every error assigned and complained of, and find no error assigned that should cause a reversal of the judgment.

We think the case was fairly tried and no injury shown. We affirm the judgment.