THE FIRST NATIONAL BANK OF WICHITA FALLS ET AL
V. THE FIRST NATIONAL BANK OF CHICO ET AL

No. A-5653. Decided May 9, 1956.
Rehearing overruled June 13, 1956.
(290 S.W. 2d Series 506)

602

[black redaction block]

*Rogers, Eggers & Sherrill* and *Guy Rogers,* of Wichita Falls, for petitioner.

The Court of Civil Appeals erred in its findings, conclusion and holding that the lien of the Chico Bank was superior to that of the Wichita Bank. Lawson v. First National Bank of Rotan, 150 S.W. 2d 279; Miller v. Pullman, 72 S.W. 2d 379; First National Bank of Stephenville v. Thompson, 251 S.W. 818.

*C. T. Gettys and H. G. Woodruff,* of Decatur, for respondent.

The evidence supports the finding and conclusions of the court that the mortgage of the Chico Bank, though filed later in point of time, was and is superior to that of the Wichita Falls Bank. Christian & Co. v. Bunker, 38 Texas 234; Thurmond v. International Harvester Co., 166 S.W. 2d 742; H. O. Wooten Grocery Co., v. Wade Meat Co. 37 S.W. 2d 1090.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

A full statement of this case was made by the Court of Civil Appeals in its opinion; for which see 285 S.W. 2d 286. As the case comes to this court the controversy is narrowed to the single question of the priority of mortgage liens on 168 head of cattle as between two mortgagees, and an abridged statement will be sufficient to disclose the facts upon which our decision of that question is based.

The mortgagor is J. S. Neville. For twenty years prior to

the institution of this suit, petitioner The First National Bank of Wichita Falls had furnished Neville money with which to buy cattle. Usually the cattle would be paid for by a draft drawn by Neville on the bank, and promptly after the payment Neville would execute a note for the amount of the draft, secured by a chattel mortgage on the cattle. In each instance the mortgage would be forthwith filed for registration in the proper county. A similar course of dealing was carried on between Neville and respondent The First Bank of Chico, but that bank did not file its mortgages for registration forthwith. Neither bank had any knowledge of the course of dealings between Neville and the other bank.

The cattle involved in this suit were all bought by Neville in Oklahoma on March 2, 1951, in payment for which he drew a draft on the Chico bank, which was paid on March 6, 1951. Six days later, and after the cattle had been removed to Clay County, Texas, Neville executed a note to the bank for the amount of the overdraft and secured same by a mortgage on the cattle. The note and mortgage were dated March 1, 1951, but the mortgage was not filed for registration until November 3, 1952. The Wichita Falls bank had no knowledge of the existence of that mortgage until shortly before that date. In the meantime, on June 15 and July 19, 1951, the Wichita Falls bank had loaned Neville sums of money aggregating $84,000.00. Those loans were secured by mortgages, each of which was forthwith filed for registration in Clay County. On the dates when the mortgages of June 15 and July 19, 1951, were executed, the cattle involved in this suit were situated on the Morris ranch in Clay County. Each of those mortgages specifically described cattle located on the Morris ranch in Clay County, giving their brands, but the cattle in suit were not specifically described. The typewritten descriptions were followed by this printed language: "Also all other cattle, sheep, hogs, horses and other livestock situated in said County aforesaid now owned, or that may be hereafter acquired, by said mortgagor, until this mortgage is released in full, save and except such livestock as may be herein especially reserved." The same provision was contained in all mortgages theretofore executed by Neville to the Wichita Falls bank. It was held by both courts below that the unregistered mortgage to the Chico bank had priority over the subsequently executed mortgages to the Wichita Falls bank. With that holding we cannot agree.

In a decision of the question presented we find it unnecessary to decide or consider what claim to or lien upon these cat-

tle the Chico bank may have had prior to March 12, 1951, the date of the mortgage executed by Neville to it. This for the reason that when that bank took a mortgage upon these cattle from Neville, its status thereafter was that of a mortgagee not in possession.

Article 5490 of the Revised Statutes reads in part as follows:

"Every chattel mortgage, deed of trust, or other instrument of writing, intended to operate as a mortgage, or lien upon personal property, and every transfer thereof which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged, pledged, or affected by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then, of the county of which he shall at that time be a resident; * * * ."

This statute was amended in a particular not material here in 1947, 50th Legislature, Chapter 261.

■ At the time the mortgages were executed to the Wichita Falls bank in June and July, 1951, the cattle involved were owned by Neville and were located on the Morris ranch in Clay County. That bank had no knowledge of the existence of the unregistered mortgage to the Chico bank. The description in its mortgages was sufficient to cover the cattle involved. Miers v. Housing Authority of City of Dallas, 153 Texas 236, 266 S.W. 2d 842; Miller v. Pullman, 72 S.W. 2d 379 (wr. ref.) ; Lawson v. First National Bank of Rotan, Texas Civ. App., 150 S.W. 2d 279 (dism. judg. cor.) ; Childress v. State Bank of Barnhart, Texas Civ. App., 264 S.W. 350 (no writ history).

■ The only question remaining is whether the Wichita Falls bank was a subsequent mortgagee "in good faith" within the meaning of the statute above quoted. There is no evidence which suggests it acted in bad faith. The testimony discloses that officers of the bank had ridden through the ranch on which the cattle were located, but they had not observed the brands on the cattle. That bank was careful to use the form of mortgage

which covered all cattle on the ranch, regardless of whether they were specifically described, and was diligent in registering its mortgages forthwith. The Chico bank, although having a mortgage prior in time to those of the Wichita Falls bank, was not diligent to preserve its rights and suffered its mortgage to go unregistered for twenty months. For that reason, under the terms of the statute, it lost its priority. Our conclusion is that the mortgages executed to the Wichita Falls bank in June and July, 1951, were prior liens to that of the Chico bank, and that the courts below erred in not so holding.

It will be observed that we have not considered whether the Witchita Falls bank acquired any lien upon the subject cattle by mortgages executed by Neville to it prior to his purchase of those cattle in Oklahoma in March, 1951. Since the general description in those prior mortgages covered cattle situated in Clay County, and the cattle involved in this suit were not then situated in Clay County, we are assuming, without deciding, that those mortgages did not cover these cattle, although they were thereafter acquired and removed to that county. Our decision is based upon the priority of liens established by the mortgages of June and July, 1951, and the question of whether the Wichita Falls bank might have had priority under the earlier mortgages is immaterial.

The judgments of both courts below will be reversed and the cause remanded to the trial court with instructions to enter judgment based upon the priority of the lien of the Wichita Falls bank.

Opinion delivered May 9, 1956.

Rehearing overruled June 13, 1956.