The DONLEY COUNTY STATE BANK,
CLARENDON, Texas, Appellant,

v.

Bill STOCKSTILL, Appellee.

No. 7372.

Court of Civil Appeals of Texas.

Amarillo.

June 15, 1964.

W. T. Link and William J. Lowe, Clarendon, for appellant.

Lemon, Close & Atkinson, Perryton, for appellee.

NORTHCUTT, Justice.

This is a plea of privilege case. Bill Stockstill, appellee herein, brought suit in Gray County, Texas, against Bob Sherrod and The Donley County State Bank as defendants. Stockstill pleaded that on the 12th day of April, 1963, Bob Sherrod executed a promissory note payable to Stockstill and chattel mortgage securing said note, and attached a copy of the note and chattel mortgage to his petition. Stockstill further pleaded upon information and belief that either the bank, acting alone, or both defendants acting jointly and together, caused all, or substantially all, of the livestock described in his chattel mortgage to be removed from Gray County or had caused said livestock to be seized by some process of law and converted and disposed of said livestock, and because of such acts his note against Sherrod had become due and payable, and that Sherrod had failed and refused to pay such note.

Stockstill pleaded in the alternative that the bank's officers and officials caused a suit to be filed against Sherrod purporting to foreclose a chattel mortgage which the bank had taken on certain livestock, and under

said chattel mortgage the bank caused a writ of sequestration or other possessory writ to be issued and caused the livestock described in Stockstill's chattel mortgage to be repossessed, seized, sold and otherwise disposed of and that such bank did not have a valid and subsisting first lien on such livestock, and that such acts amounted in law to a conversion and thereby became indebted to Stockstill in the sum of $10,200, and likewise Sherrod became indebted to Stockstill in the sum of $10,200. There is no evidence in this record to show that the bank filed a suit to foreclose his chattel mortgage nor is there any proof that the bank ever took the cattle under a writ of sequestration or any other writ.

Stockstill further pleaded the bank knew it did not have a valid and subsisting first lien on the livestock; alternatively, that the bank knew Stockstill had a first lien and because the bank converted the livestock to its own use that Stockstill was entitled to punitive damages in the sum of $5,000 and also reasonable attorney's fees in the sum of $2,500.

The Donley County State Bank filed its plea of privilege to be sued in the District Court of Donley County, Texas, the county of its residence and in which its office and place of business was situated. Stockstill filed a controverting plea contending the plea should be overruled and venue held in Gray County under Subdivisions 4, 9 and/or 29a of Article 1995. The plea was heard by the court without a jury and the plea of privilege was overruled. From that order the bank perfected this appeal. The Donley County State Bank will hereafter be referred to as appellant and Stockstill as appellee.

■ It is appellant's contention the trial court erred in overruling and in not sustaining its plea of privilege. The appellee did not introduce his note signed by Sherrod but introduced the chattel mortgage given by Sherrod to appellee and also introduced the chattel mortgage given by Sherrod to appellant. Appellant's mortgage

was executed December 13, 1962, and properly filed for registration in Gray County on December 14, 1962, at 9:02 a. m. Appellee's mortgage was dated April 12, 1963, and was filed the same date. It is the contention of appellee that appellant did not have a lien upon the livestock described in appellee's chattel mortgage since said livestock was not listed in appellant's chattel mortgage. Appellant loaned Sherrod $45,500 and took a chattel mortgage on 425 head of livestock and described them in detail and said mortgage further provided:

"Together with all of the increase of, from and to, the above described property, prior to the full payment of the indebtedness hereinafter referred to. Also all other cattle, sheep, hogs, horses and other livestock situated in said county aforesaid now owned, or that may be hereafter acquired, by said mortgagor, until this mortgage is released in full, save and except such livestock as may be herein especially reserved."

We are of the opinion, and so hold, that description gave appellant a mortgage on all livestock owned by Sherrod located in Gray County superior to the mortgage claimed by appellee.

It was held by the Supreme Court of Texas in the case of First Nat. Bank of Wichita Falls v. First Nat. Bank of Chico, 155 Tex. 601, 290 S.W.2d 506, that that exact description was sufficient to cover the cattle involved. See also the cases there cited.

■■ It will be noticed from this record there is no evidence that appellant took the livestock from Gray County as alleged by appellee or that it sold them. Sherrod testified the sheriff had a writ. Sherrod helped load the livestock but he didn't know who took the cattle other than the sheriff. We might presume that appellant did have a writ properly issued but that is only presumption and not based upon evidence. When appellant filed its plea of privilege,

that established its prima facie right to have the suit transferred to Donley County, the place of its residence and place of business, and the burden of proof was upon appellee to refute such prima facie right. Kasishke v. Ekern, Tex.Civ.App.1954, 278 S.W.2d 274 and the cases there cited.

Appellant's point of error is sustained. The judgment of the trial court is reversed and judgment is here rendered ordering the cause of action alleged against The Donley County State Bank transferred to the District Court of Donley County. Rule 89; Jaques Power Saw Co. v. Womble, Tex.Civ. App.1947, 207 S.W.2d 206. Judgment of the trial court is reversed and rendered.